IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIME WARNER CABLE, INC. § | |
| § | |
| Plaintiff, § | |
| vs. § | |
| § | C. A. No. 1:06-cv-00387-KAJ |
| USA VIDEO TECHNOLOGY CORP. § | Jury Trial Demanded |
| § | |
| § | |
| Defendant. § | |

## USVO'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS, STAY OR TRANSFER

Defendant USA Video Technology Corporation ("USVO") moves the Court to Dismiss or Stay this action pursuant to the "first to file" rule, or in the alternative, to transfer it to the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. § 1404(a) (1993).

I.  INTRODUCTION

On June 13, 2006, USVO filed a patent infringement case in the Eastern District of Texas against Time Warner Inc. ("Time Warner"), Cox Communications, Inc. ("Cox"), Charter Communications, Inc. ("Charter"), Comcast Cable Communications LLC ("Comcast"), Comcast of Richardson, LP ("Comcast Richardson"), Comcast of Plano LP ("Comcast Plano"), and Comcast of Dallas, LP ("Comcast Dallas") alleging infringement of United States Patent No. 5,130,792 ("the '792 patent") entitled "Store and Forward Video System" in a case captioned *USA Video Technology Corporation v. Time Warner Inc. et al.* No. 2-06CV-239 ("the Texas litigation".) (attached as Exhibit A). All defendants were mailed a courtesy copy of the Complaint on this date. On June 19, 2006, Texas defendant Coxcom responded by filing an action in this Court seeking a declaratory judgment of noninfringement, invalidity, and/or

unenforceablity of the '792 patent[1], with Texas defendant Time Warner Cable Inc. filing a similar declaratory judgment complaint on June 15, 2006[2], and Texas defendant Comcast filing their equally similar declaratory judgment complaint on June 27, 2006[3]. The Court will note that all of the declaratory judgment actions were filed only *after* USVO had already filed its patent infringement complaint in the Eastern District of Texas.

## II.   STATEMENT OF FACTS

Texas plaintiff USVO is the owner of the '792 patent which is directed to systems that communicate video programs to subscribers upon request, commonly referred to as video-on-demand (VOD). Time Warner, like the other defendants in the Texas case, operates digital cable systems in which it provides VOD services to its subscribers by providing digital set-top boxes to enable access to the VOD services. A prior patent infringement action based on the '792 patent was filed by USVO in this Court against Movielink, LLC, in a case captioned *USA Video Technology Corporation v. Movielink, LLC* C.A. No. 03-368-KAJ ("the Movielink litigation"). That patent case involved a different defendant, and indeed an entirely different class of allegedly infringing products. As the Court is aware, the sole product accused of infringing in the Movielink litigation is an interactive website that provides VOD services over the internet. That litigation recently concluded after an appeal to the Federal Circuit to resolve the application by this Court of its claim construction of one particular claim term. Although USVO was unsuccessful in its appeal, the lone issue resolved in Movielink's favor was specific to the implementation of the Movielink system and is not applicable to cable VOD services such as those offered by TWC and its fellow cable companies.

---

[1] *Coxcom, Inc. v. USA Video Technology Corp.*, C.A. No. 1:06-cv-00394-KAJ
[2] *Time Warner Cable, Inc. v. USA Video Technology Corp.*, C.A. No. 1:06-cv-00387-KAJ
[3] *Comcast Cable Communications, LLC et al. v. USA Video Technology Corp.* C.A. No. 1:06-cv-00407-KAJ

For the reasons delineated below, this Court should dismiss or stay this action pursuant to the "first to file" rule, or in the alternative, to transfer it to the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. § 1404(a).

### III. ARGUMENT

#### a. First-to-File Rule Applies

Determining which action should have priority under the first-to-file rule "raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits" and thus this Court should apply Federal Circuit law to this issue. *Genentech, Inc. v. Eli Lilly Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). In patent cases, "the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." Id. The second-filed action may proceed only if there is sound reason that would make it unjust or inefficient to continue the first filed action. Id. at 938. Further, "the rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported equally when there is a mere day between filing as it is when a year intervenes between the suits. Id.

#### b. First to File Rule Requires Dismissal or a Stay of this Case.

Thus, the first-filed rule is as simple as its name suggests: "where two patent lawsuits involving the same claims are filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference absent special circumstances." *Sony Elecs., Inc. v. Orion IP, LLC,* 2006 U.S. Dist. LEXIS 9834 (D. Del. 2006) quoting *Corixa Corp. v. IDEC Pharm. Corp., 2002 U.S. Dist. LEXIS 2980, *304 (D. Del. Feb. 25, 2002).* In the instant matter, there can be no dispute as to which action was filed first or that the two cases are exactly alike, as they involve

the same patent, the same parties, and the same technology. When a court is confronted with a declaratory judgment action, the inverse of which (i.e. an infringement action) was filed prior to the declaratory judgment action, the declaratory judgment action must be dismissed. Id. at *3. (stating "[T]he court is confronted with a declaratory judgment action by SCA alone, the inverse of which (i.e. an infringement action) was filed about three months earlier in Texas. Therefore, pursuant to the first-filed rule, SCA must be dismissed from this case.") There are no special considerations in this case, as explained more explicitly below.

A court has the "inherent power to conserve judicial resources by controlling its own docket." *Zoetics, Inc. v. Yahoo!, In.*, 2006 U.S. dist. LEXIS 46910 (D. Del. 20006) quoting *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3rd Cir. 1985). In ruling on a motion to stay, courts are guided by three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Pegasus Development Corp. v. DirecTV, Inc.* 2003 Dist. LEXIS 8052 at *3-*4 quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). These factors weigh in favor of the first-filing party, USVO. Both litigations are in their early stages, and the presumption that the first-filed rule should apply has not been overcome.

  c.  Transfer Under 28 U.S.C. § 1404(a)

The statute governing transfers of venue, namely 28 U.S.C. § 1404(a), states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In patent cases, a district court applies the procedural law of the circuit in which it resides. See *Storage Tech.*

*Corp. v. Cisco Sys. Inc.,* 329 F.3d 823, 836 (Fed. Cir. 2003). The burden of showing the need for a transfer is on the movant. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3rd Cir. 1995).

In considering a 1404(a) transfer, the Court must balance between several private and public interests. *Zoetics, Inc. v. Yahoo!, Inc.,* 2006 U.S. Dist. LEXIS 46910 (D. Del. 2006) citing *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 159 (3rd Cir. 1980). The private interests to be considered are: the plaintiff's choice of forum, the defendant's preferred forum, whether the claim arose elsewhere, the convenience of the witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and the location of books and records, to the extent that these books and records could not be produced in a certain forum. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 883 (3rd Cir. 1995).

The only two relevant private factors, specifically the plaintiff's choice of forum and the defendant's preferred forum, when balanced, must come out in USVO's favor. When ruling on a motion to transfer, this Court must "balance all of the relevant factors and respect that a plaintiff's choice of forum is entitled to substantial deference and should not be lightly disturbed." *Zoetics* citing *Stratos Lightwave, Inc. v. E20 Communications, Inc.,* 2002 U.S. Dist. LEXIS 5653, at *5 (D. Del Mar. 26, 2002). Perhaps counter-intuitively, this factor weighs heavily in favor of defendant USVO in the Delaware case, as it is plaintiff in the first-filed action.

The public factors to be considered are: the enforceability of the judgment, practical considerations regarding the ease, speed, or expense of the trial, the administrative difficulty due to court congestion, the local interest in deciding local controversies in the home forum, the public policies of the two fora, and the trial judge's familiarity with the applicable state law in diversity cases. Id. Thus, the public interest aspects also weigh in the favor of transfer, as where

related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *Cashedge, Inc. v. Yodlee, Inc.* 2006 U.S. Dist. LEXIS 50488, 7-8 (D. Del. 2006) quoting *Brunswick Corp. v. Precor Inc.,* 2000 U.S., Dist. LEXIS 2222 at *8 (D. Del. Dec. 12, 2000). Several factors that support a decision to transfer are present in this case: namely whether the litigation involves: (1) the same parties, (2) related or similar technologies for the judge to become familiar with, and (3) a common field of prior art. Id.

The judgment would be enforceable in both jurisdictions, there is not especial administrative difficulty due to court congestion, the public policies of the two fora regarding patents do not differ, and this is not a diversity case requiring application of state laws. Patent rights are not local or state matters and therefore cannot give rise to a local controversy, or implicate local public policy. *Stratos Lightwave, Inc. v. E20 Communications, Inc.,* 2002 U.S. Dist. LEXIS 5653, at *8 (D. Del. Mar. 26, 2002). Although the prior experience of a particular trial judge with a particular patent has been a factor considered in transfer motions when it is assumed that the same trial judge will be called upon to preside over the subsequent trial, in this case there is a distinct possibility that the Court will not preside over the entire trial, and thus the case should be transferred to Texas. *Ziegler v. Dart Industries, Inc.* 383 F. Supp 362, 365 (D.C. Del. 1974). As Judge Kent A. Jordan, the judge presiding over the instant action and who presided over the prior Movielink litigation, has recently been nominated to the U.S. Court of Appeals for the Third Circuit, and is expected to be confirmed easily, judicial experience should not be a factor that is considered in the analysis. (Please see Exhibit B.) Further, in the prior infringement action based on the '792 patent, determinations of validity and enforceability were not reached, as the Court construed one term which resulted in a holding of non-infringement.

Thus, arguments hoping to shackle the District of Delaware with every litigation involving the '792 patent are weak at best.

## IV.  CONCLUSION

For the reasons delineated above, this Court should stay or dismiss this case in favor of the first-filed patent infringement case in the Eastern District of Texas.  Alternatively, this Court should transfer this case under 28 U.S.C. 1404(a) for resolution in the Eastern District.

Date: August 10, 2006

/s/ Richard K. Herrmann
Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
   WILLIAMS, LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendant
USA Video Technology Corp.

OF COUNSEL:
Edward W. Goldstein
Corby R. Vowell
Alisa A. Lipski
Goldstein, Faucett & Prebeg, LLP
1177 West Loop South, Suite 400
Houston, Texas  77027
(713) 877-1515 – Telephone
(713) 877-1737   Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2006, I electronically filed the foregoing document, **USVO'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, STAY OR TRANSFER,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, De 19801

Additionally, I hereby certify that the foregoing document was served as indicated on the following:

**VIA EMAIL ON 8/10/2006 AND HAND DELIVERY ON 8/10/2006**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, De 19801

**VIA EMAIL ON 8/10/2006 AND FEDERAL EXPRESS ON 8/11/2006**
Jeffrey M. Olson
Samuel N. Tiu
Matthew S. Jorgenson
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
213.896.6000
jolson@sidley.com
stiu@sidley.com
mjorgenson@sidley.com

/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendant
USA VIDEO TECHNOLOGY CORPORATION