IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIME WARNER CABLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-387-KAJ |
| v. | ) |
| | ) |
| USA VIDEO TECHNOLOGY CORP., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF TIME WARNER CABLE INC.'S ANSWER TO USA VIDEO TECHNOLOGY CORP.'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

Plaintiff Time Warner Cable Inc. ("TWC") hereby responds to the counterclaim filed by Defendant, USA Video Technology Corporation ("USVO"), with the following Answer and Affirmative Defenses.

TWC incorporates by reference as if specifically set forth herein the allegations set forth in its complaint (D.I. 1). TWC responds to the allegations in the numbered paragraphs of the counterclaim as follows:

## ANSWER

16. Answering paragraph 16 of the counterclaim, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

17. Answering paragraph 17 of the counterclaim, TWC admits that TWC is a corporation organized under the laws of the State of Delaware. Having identified Time Warner Cable Inc. ("TWC") as counter-defendant, this paragraph makes allegations about an undefined entity "Time Warner." As such, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

18.     Answering paragraph 18 of the counterclaim, TWC admits the allegations therein.

19.     Answering paragraph 19 of the counterclaim, TWC admits that venue is proper in this court and denies that venue is most proper in the United States District Court for the Eastern District of Texas.

20.     Answering paragraph 20 of the counterclaim, having identified Time Warner Cable Inc. ("TWC") as counter-defendant, this paragraph makes allegations about an undefined entity "Time Warner." As such, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

21.     Answering paragraph 21 of the counterclaim, TWC admits that a patent bearing the number 5,130,792, a copy of which is attached as Exhibit A to the Answer, was issued by the United States Patent Office on July 14, 1992, and denies the remaining allegations therein.

22.     Answering paragraph 22 of the counterclaim, paragraph 22 of the counterclaim sets forth legal conclusions for which no response is required. To the extent paragraph 22 contains factual allegations to which a response is required, those allegations are denied.

23.     Answering paragraph 23 of the counterclaim, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

24.     Answering paragraph 24 of the counterclaim, TWC denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (Non-Infringement)

25. On information and belief, TWC has not directly infringed, contributed to the infringement, and/or actively induced the infringement of any claim of United States Patent 5,130,792 ("the '792 Patent"), nor has it otherwise committed any acts of infringement on any rights of USVO.

### SECOND AFFIRMATIVE DEFENSE (Invalidity)

26. On information and belief, the '792 Patent is invalid by reason of having been issued in violation of the U.S. patent laws, Title 35 United States Code, including violation of Sections 102, 103, 112, 115, and 116 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

### THIRD AFFIRMATIVE DEFENSE (Inequitable Conduct Before The USPTO)

27. On information and belief, the '792 Patent is unenforceable by reason of inequitable conduct by the patentee and/or its representatives, successors, or assignees before the U.S. Patent and Trademark Office ("USPTO").

### FOURTH AFFIRMATIVE DEFENSE (Waiver, Laches, Acquiescence And Estoppel)

28. On information and belief, the relief sought by USVO is barred by waiver, laches, acquiescence and/or estoppel.

## PRAYER FOR RELIEF

TWC incorporates by reference the prayer for relief set forth in its complaint.

## JURY DEMAND

TWC hereby respectfully demands trial by jury of all issues so triable.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Jeffrey M. Olson
Samuel N. Tiu
Matthew S. Jorgenson
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000

Dated:   August 30, 2006
172631.1

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2006, the attached **PLAINTIFF TIME WARNER CABLE INC.'S ANSWER TO USA VIDEO TECHNOLOGY CORP.'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris James Hitchens & Williams, LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Edward W. Goldstein, Esquire<br>Goldstein, Faucett & Prebeg, L.L.P.<br>1177 West Loop South, Fourth Floor<br>Houston, TX 77027 | <u>VIA FEDERAL EXPRESS</u> |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon