# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

August 31, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

Re:   *Time Warner Cable, Inc. v. USA Video Technology Corp.*,
Civil Action No.: 06-387 KAJ

*CoxCom, Inc. v. USA Video Technology Corp.*,
Civil Action No.: 06-394 KAJ

*Comcast Cable Communications, LLC, et al. v.
USA Video Technology Corp.*, Civil Action No.: 06-407 KAJ

Your Honor:

On August 10, 2006, the defendant in the above referenced litigations filed its opening briefs in support of its Motions to Dismiss Stay or Transfer to the Eastern District of Texas on the grounds that there was a first filed action in that district. The plaintiffs' opposition briefs in this court have not yet been filed. We would like to supplement our opening briefs by providing to the Court a copy of the August 31, 2006 Order in the Texas action denying Comcast, et al's Motion to Transfer to the District of Delaware or, in the Alternative, to Stay the Action in that district. A copy of that Order is attached.

Respectfully,

*/s/ Richard K. Herrmann*
Richard K. Herrmann   I.D. No. 405
rherrmann@morrisjames.com

RKH/sch

cc:   Steven J. Balick, Esq. (via email)
Maryellen Noreika, Esq. (by email)
Rodger D. Smith, II, Esq. (via email)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:06-CV-239 |
| v. | § § § | JUDGE RON CLARK |
| TIME WARNER CABLE, INC.; COX COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, INC.; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO, LP; COMCAST OF DALLAS, LP, | § § § § § § § § | |
| Defendants. | § | |

**ORDER ON DEFENDANTS' MOTION TO TRANSFER
OR IN THE ALTERNATIVE MOTION TO STAY THE ACTION**

Before the court is Defendants' Comcast Cable Communications, LLC, Comcast of Richardson, LP, Comcast of Plano, LP, and Comcast of Dallas, LP (collectively "Comcast Defendants") Motion to Transfer to the District of Delaware or, in the Alternative, to Stay the Action [Doc. # 18]. Defendant Charter Communications, Inc. ("Charter") joined in this motion [Doc. # 28]. Defendants ask the court to consider a discretionary transfer of venue for the convenience of the parties and witnesses to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a). The court finds that a transfer is not warranted in this case. The court also concludes that the circumstances of this case do not warrant a stay.

**I. Background**

Plaintiff USA Video Technology ("USVO") filed suit against the Comcast Defendants, Charter, Cox Communications, Inc., and Time Warner Cable, Inc. in the Eastern District of

1

Texas, Marshall Division on June 13, 2006. USVO alleges that the Defendants infringe Claim 1 of U.S. Patent No. 5,130,792 (the `792 patent). This patent involves systems that communicate video programs to remote locations. This "video-on-demand" process allows a customer to obtain a video program whenever a customer requests it. After suit was filed here, Time Warner Cable, Inc., the Comcast Defendants, and Cox Communications, Inc. all filed declaratory judgment actions in Delaware seeking declarations of non-infringement and invalidity of the claims in the `792 patent.

Both sides note that in a case in Federal District Court in Delaware, involving Plaintiff and a different defendant, Movielink, the Honorable Kent Jordan, United States District Judge, construed a term in Claim 1 of the `792 patent and granted summary judgment for Movielink. This opinion was recently affirmed by the Federal Circuit Court of Appeals. Defendants contend that a transfer to Delaware, or a stay of this case, is appropriate because: (1) Judge Jordan is familiar with the `792 patent and the technology at issue; (2) the related declaratory judgment actions were filed in Delaware before Judge Jordan; and (3) Delaware is a more convenient forum than Texas.

## II. Motion to Transfer

The goal of § 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The first determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the court then examines the convenience of the parties and the witnesses. *Id.* This determination involves

examining several private and public interest factors, none of which are given dispositve weight individually. *Id.* The movant bears the burden of proof in demonstrating that a transfer is warranted. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).[1]

"The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). It not disputed that this case could have initially been brought in the District of Delaware. With this threshold issue resolved, the court's analysis turns to the ten factors governing this Circuit's § 1404(a) analysis.

In determining whether an action should be transferred under § 1404(a), the court must consider several private and public interest factors. *In re Volkswagen AG*, 371 F.3d at 203. The private interest factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 653 (5th Cir. 2005); 17 James Wm. Moore et al., Moore's Federal Practice § § 111.13, et seq. (3d ed. 1997). The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Dominguez-Cota*, 396 F.3d at

---

[1]The court notes that the Federal Circuit defers to regional circuit law on procedural issues, including transfer of venue under Section 1404(a). *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

653-54.

**A. Private Interest Factors**

  1. Plaintiff's Choice of Forum

As a general rule, the plaintiff's choice of forum is entitled to substantial deference. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). However, the significant weight given to a plaintiff's choice of forum is diminished when the plaintiff does not reside in his chosen forum and no operative facts occurred within the forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Plaintiff's choice of forum alone is neither conclusive nor determinative. *In re Horseshoe Entm't*, 337 F.3d at 434.

Although its decisions are not binding on the issue of venue transfer, the Federal Circuit has stated that in patent cases courts normally give great weight to the plaintiff's choice of forum. *See Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n. 2 (Fed. Cir. 1999). Moreover, patent litigation is quite different from other cases, a fact recognized by the venue statutes which allow for venue either where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. *See* 28 U.S.C. § 1400(b).

The Comcast Defendants assert that Plaintiff does not maintain a principal place of business or headquarters in Texas, and that Texas lacks any legally relevant factual nexus with the claims in this case. While it is true the parties are headquartered outside of Texas, the complaint states that the Comcast Defendants conduct business in Texas, and that this business involves selling the accused products and services. Defendants bear the burden to rebut these allegations and show that transfer is warranted. *See Time, Inc.,* 366 F.2d at 698. The Comcast Defendants, however, did not present any argument or evidence showing that the accused

products and services are not sold in Texas.²

Defendants also suggest Plaintiff's choice of forum should be disturbed because Judge Jordan has already construed a term in Claim 1 of the `792 patent, and the three declaratory judgment actions filed by Defendants in Delaware involving the `792 patent are before him. It is undisputed that this action was filed prior to the declaratory judgment actions in Delaware. Under the first-to-file rule, as applied in the Federal Circuit, the forum of the first filed case should be favored absent special circumstances, like considerations of judicial economy and effective disposition of disputes. *See Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

Defendants' arguments for ignoring this rule and for discounting Plaintiff's choice of forum, focus on Judge Jordan's familiarity with the `792 patent and the technology involved in a previous case. The force of Defendants' argument, however, is undercut by the acknowledgment that it is very unlikely Judge Jordan will actually hear this case because he has been nominated to the U.S. Court of Appeals for the Third Circuit. Moreover, only one claim term was actually interpreted by Judge Jordan, and Plaintiff agrees that it is bound by Judge Jordan's interpretation of this term, eliminating the need for construction of it.

Plaintiff also submits that the technology in this case is different than in the case against Movielink. Plaintiff alleges that the accused device here involves transmissions over a digital cable network, which utilizes different equipment than the internet services at issue in the

---

²The court notes that it could almost take notice of the accused products and services being marketed and sold in Texas based on the sheer amount of advertising done in Texas by at least some of the Defendants. What is surprising is that nowhere in its motion does Plaintiff mention or provide evidence of this fact.

Movielink case. Additionally, contrary to Defendants' assertions, the mere fact that Plaintiff filed a suit in Delaware involving the `792 patent does not somehow preclude it from filing later suits against different defendants in other forums. Under these circumstances, the court cannot conclude that the Plaintiff's choice of forum, which is also the forum of the first filed case, is outweighed by concerns of judicial economy and effective resolution of disputes. This factor does not weigh in favor of transfer.

### 2. The Convenience of the Parties and Material Witnesses

The convenience of the witnesses is an important factor in deciding whether a case should be transferred pursuant to § 1404(a). The moving party bears the burden to specifically identify key witnesses and outline the substance of their testimony. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex. 1993). Defendants make no reference to key party or non-party witnesses. Defendants only make the general statement that Delaware is a more convenient forum for the parties. The Comcast Defendants are incorporated in Delaware and have their principal places of business in either Philadelphia or Delaware. The costs of travel to Texas from Delaware and Philadelphia are relatively low, and this court regularly allows counsel to participate telephonically in hearings, other than trials. Given that Defendants have made no specific showing of inconvenience for parties or witnesses, the court finds that Defendants have failed to show that this factor weighs in favor of transfer.

### 3. Place of the Alleged Wrong

Plaintiff contends that the infringement is ongoing where the accused devices and services are sold, which include Texas. Defendants have produced no evidence to rebut this statement. Because the alleged wrongs continue to occur in Texas, this factor does not weigh in

6

favor of transfer of venue.

    4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory
    Process

Defendants did not address this factor.  With modern video deposition technology, the need for many witnesses to travel at all is reduced or eliminated.  This is especially true for witnesses whose credibility cannot seriously be challenged, even if there is a dispute over the effect of some technical data they produce, or a witness with background information needed to establish a basis for more crucial testimony by an expert.  Moreover, there has been no showing that the availability of compulsory process is an issue.  This factor does not weigh in favor of transfer.

    5. The Accessibility and Location of Sources of Proof

Defendants also did not address this factor. Documentary evidence is routinely transmitted electronically.  There is no suggestion that the documents needed for a hearing or trial are so voluminous in this case that they cannot be easily transferred, or that they would not be capable of being stored electronically and transferred in that manner.  This factor does not weigh in favor of transfer.

    6. The Possibility of Delay and Prejudice if Transfer is Granted

Defendants filed this motion at the outset of litigation and assert that there would be very little delay or prejudice if the transfer is granted.  Defendants point to the fact that there are three suits already pending between the parties in Delaware and that this case would most likely be consolidated with them, resulting in little to no delay in the proceedings.  Plaintiff states that the overall time from filing to trial is slightly faster in the Eastern District of Texas than in the

District of Delaware, and so some delay in the resolution of the case may result if this case was transferred. Weighing this delay against the fact this case would most likely be consolidated with other cases in Delaware, the court finds that this factor is neutral.

**B. Public Interest Factors**

    1. Administrative Difficulties Caused by Court Congestion

Defendants failed to produce any evidence showing that the hearing of this case would cause administrative difficulties. It is unlikely there will be any delay or administrative difficulties in this court. The court concludes that this factor does not weigh in favor of transfer.

    2. Local Interest in Adjudicating Local Disputes

Given that some of the alleged actions of infringement occurred in this State, there exists some local interest in adjudicating this dispute. This factor weighs slightly in favor of not transferring the case.

    3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Because the court finds that the citizens of Texas have an interest in adjudicating this suit, it follows that the jury pool in this District will not be unduly burdened in deciding this matter. Consequently, this factor does not weigh in favor of transfer.

    4. The Avoidance of Unnecessary Problems in Conflict of Laws

This factor is not a concern in a patent case where there are no pendent state law claims. This factor does not weigh either for or against transfer.

On balance, neither the "convenience factors" nor the "public interest" factors weigh in favor of transfer. Plaintiff's choice of forum, therefore, will not be disturbed.

### III. Motion to Stay

Defendants also move the court to stay this case pending a resolution of the declaratory judgment actions filed in Delaware. Defendants argue that a stay would avoid parallel litigation, would be in the interest of judicial economy because Judge Jordan is already familiar with the `792 patent, and would avoid the risk of inconsistent rulings related to the `792 patent. The court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936). How to best manage the court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Id*. at 254-55, 57 S.Ct. at 166. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255, 57 S.Ct. at 166.

Here, the court must consider that Texas is Plaintiff's choice of forum and that this case was filed in this forum prior to the filings in Delaware. Defendants are not normally allowed to complicate and multiply proceedings by filing numerous suits in other courts rather than answer in the court in which they are sued. While Judge Jordan's familiarity with the `792 patent may be a reason to stay this case, Judge Jordan is unlikely to hear the cases involving the `792 patent. Under these circumstances, the court finds that a stay is not appropriate at this time.

### IV. Conclusion

The Comcast Defendants have failed to show that transfer under Section 1404(a) is warranted. Under the circumstances, the court also will not stay these proceedings. Defendant Charter did not assert any additional reasons to transfer or stay this case, and so its motion is denied for the reasons stated.

IT IS THEREFORE ORDERED that Defendants' Comcast Cable Communications, LLC, Comcast of Richardson, LP, Comcast of Plano, LP, and Comcast of Dallas, LP Motion to Transfer to the District of Delaware or, in the Alternative, to Stay the Action [**Doc. # 18**] is **DENIED**.

IT IS FURTHER ORDERED that Defendant Charter Communications, Inc.'s Joinder in the Motion to Transfer [**Doc. # 28**] is **DENIED**.

So **ORDERED** and **SIGNED** this **31** day of **August, 2006.**

_____
Ron Clark, United States District Judge