IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIME WARNER CABLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-387-KAJ |
| v. ) | |
| ) | |
| USA VIDEO TECHNOLOGY CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SCHEDULING ORDER

This ____ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on September 13, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before January 3, 2007.

3. <u>Discovery</u>.

a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking fact testimony by deposition upon oral examination.

b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before June 29, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues on which they bear the burden of proof on or before ninety days before the date of the completion of discovery, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.  <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.  <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(e) above.

Any proposed order should include the following paragraph:

<u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

3

5.   <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.   <u>Settlement Conference</u>.  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

7.   <u>Interim Status Report</u>.  On January 31, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.   <u>Status Conference</u>.  On February 7, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m.  Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.   <u>Tutorial Describing the Technology and Matters in Issue</u>.  The parties shall provide the Court by July 17, 2007, a tutorial on the technology at issue.  In that regard, each party may submit a videotape of not more than 30 minutes.  The parties may choose to present the tutorial in person.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial.  Any such comment shall be filed within ten (10) days of submission of the videotapes.

4

10.     <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 26, 2007. Briefing will be presented pursuant to the Court's Local Rules.

11.     <u>Claim Construction Issue Identification</u>.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 19, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below.  The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

12.     <u>Claim Construction</u>.  Issues of claim construction shall be submitted to the Court no later than July 11, 2007 to be considered by the Court in conjunction with the parties' summary judgment motions.

13.     <u>Hearing on Claim Construction</u>.  Beginning at 2:00 p.m. on September 6, 2007, the Court will hear evidence and argument on claim construction and summary judgment.

14.     <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the

Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On December 10, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before December 3, 2007.

16. <u>Motions *in Limine*</u>. Motion *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

18.   Trial. This matter is scheduled for a ten day jury trial beginning at 9:30 a.m. on January 7, 2008 (or as soon thereafter as the Court's schedule permits).[1] For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

19.   Other issues.

a.   Time Warner Cable Inc. – TWC is granted leave for early filing of dispositive motion of non-infringement in view of admissions by USVO as part of the resolution of the dispositive claim construction issue during the *USA Video v. Movielink* case (case no. 03-cv-368 KAJ). The motion shall be filed by November 22, 2006.

[Specifically, TWC believes that the same phrase the Court found dispositive in the *Movielink* case, "initiates connections," is also dispositive of the present case. As the Court will recall, Movielink was found not to have infringed the '792 patent because its system "does not have a distribution interface that 'initiates connections.'" 354 F. Supp. 2d 507, 520, *aff'd* 2006 U.S. App. LEXIS 14699. During the *Movielink* case, USVO distinguished a key prior art reference, stating:

> "Walter [USP 4,506,387] does not disclose a distribution interface that initiates connections . . . [and instead describes] a 'broadcast' environment in which the program is transmitted to several users. No connection is formed with the intended recipient."

See USVO's Opposition to Movielink's Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity at 17 (Dkt. 143). As will be readily

---

[1] Consistent with L.R. 16.2(c), the trial should be scheduled within 18 months of the filing date of the complaint (June 15, 2006) or as soon thereafter as is practicable. Because 18 months would result in a trial immediately before the holidays (December 17, 2007), the parties suggest a trial date as soon as the Court has availability after the first of the year.

demonstrated, TWC's cable system works in the same broadcast environment, wherein no connection is formed with the intended recipient. Thus, USVO is estopped from asserting that TWC literally infringes the '792 patent, and USVO cannot argue infringement pursuant to the doctrine of equivalents in view of *Festo*.][2]

b.  USA Video Technology Corp. – Plaintiff USA Video Technology Corp. ("USVO") believes that it is inappropriate for Defendant TWC to argue its summary judgment motion in this proposed scheduling order. Because TWC refused to remove its inaccurate recitation of the facts in this matter, USVO responds briefly as follows:

The infringement analysis of TWC's cable system in this case is completely different and involves a significantly different technology than that involved in the *Movielink* litigation. The Defendant in the prior litigation, Movielink LLC, operates a video-on-demand (VOD) service over the Internet. In Movielink's system, movies are ordered by the customer and delivered to the customer's computer over the Internet using the Hyper Text Transfer Protocol (HTTP) and the Transmission Control Protocol (TCP). The grant of summary judgment of non-infringement in the *Movielink* litigation hinged on the particular way that connections are created between computers over the Internet using the HTTP and TCP protocols.

In the present case, the Defendant TWC operates a VOD service over its digital cable network. In a digital cable service, the television content and VOD content is transmitted from the cable company's local facility, called a head-end, to a cable set-top box in the subscriber's home. TWC's VOD service involves completely different technologies than were at issue in the

---

[2] As explained in TWC's opposition to USVO's transfer motion, filed September 7, 2006, this is but one of the several issues that TWC believes to be dispositive of this case. *See* D.I. 18 at 23-31.

8

*Movielink* case for creating connections and communicating data between the cable head-end and the subscriber's set-top box.

Accordingly, in addition to TWC's argument being misplaced in this pleading, it is also inaccurate and without merit.

_____
UNITED STATES DISTRICT JUDGE

173007.1