IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIME WARNER CABLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-387-KAJ |
| v. | ) | |
| | ) | |
| USA VIDEO TECHNOLOGY CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROTECTIVE ORDER**

Upon motion for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with respect to information provided in discovery,

It is hereby ORDERED that the following Protective Order be entered:

1.      This Protective Order shall govern the handling of any information produced or disclosed by any party or non-party (the "Producing Party") in this action to any other party (the "Receiving Party") in this action, including, without limitation, any document (whether in hard copy or computer readable form), thing, deposition testimony, deposition exhibit, interrogatory responses, responses to requests for admission, or other information provided in discovery in this action (all such information shall hereinafter be referred to as "Discovery Material").

2.      All Discovery Material designated in the course of this litigation as "Confidential" or "Confidential – Attorney's Eyes Only," as these terms are defined in Paragraph 3, shall be used only for the purpose of preparation and trial of this litigation, and any appeal there from, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-

stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

## DEFINITIONS

3.    "Confidential" shall refer to Discovery Material that contains trade secrets or other confidential or proprietary research, development, technical, financial, commercial or business information. "Confidential – Attorney's Eyes Only" shall refer to Discovery Material that contain or are of a highly proprietary or competitively sensitive business or technical nature. Such information shall only be disclosed to Qualified Persons designated according to Paragraph 4 below. "Confidential" or "Confidential – Attorney's Eyes Only" shall not include any Discovery Material that the Receiving Party demonstrates:

    a.    is in the public domain at the time of disclosure, including materials that on their face show that they have been submitted to any government entity without a request for confidential treatment;

    b.    becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

    c.    the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

4.    With respect to Discovery Material designated as "Confidential," "Qualified Persons" means:

    a.    Members and employees of the firm or firms of outside counsel who have entered an appearance, and, where appropriate, have been admitted *pro hac vice* in this action ("counsel of record");

2

b.      Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case;

c.      Current officers and employees of the parties;

d.      Two in-house attorneys designated by each party prior to such disclosure provided that each such attorney designee shall be provided information solely as reasonably required to consult with outside counsel regarding the oversight of the litigation and the resolution thereof;

e.      Any independent expert or consultant that are neither employed by or consulting for either party and are engaged by any attorney described in Paragraph 4(a) solely to assist in this litigation, including their administrative and clerical personnel, provided that disclosure to each such person shall be made only on the following conditions:

(1)      each consultant/expert signs a statement in the form attached hereto as Exhibit A;

(2)      each consultant/expert provides to outside counsel of the Producing Party such consultant/expert's (i) name, (ii) address, (iii) resume or curriculum vitae, and (iv) information on prior and current employment, affiliations, and consultancies (including any cases in which he or she has testified at trial or by deposition within the preceding four years);

(3)      there is no objection by a Producing Party in writing served on all parties by facsimile, overnight mail or in person within ten (10) business days of the foregoing disclosures, which writing shall specify the reasons for the objection. In the case of an objection

3

the parties must confer as soon as reasonably possible to resolve the objection. If the parties are unable to resolve the objection, the Receiving Party may seek relief from the Court with reasonable notice to the Producing Party. No such outside expert or consultant as to whom timely objection is made shall receive designated confidential information unless and until all such objections are resolved.

f.    Any person who authored and/or was an identified original recipient of the particular material sought to be disclosed to that person;

g.    Service contractors, including but not limited to document copy services and graphics consultants, who have signed a statement in the form attached as Exhibit A hereto; and

h.    Any other person agreed to by the parties in writing who has signed a statement in the form attached as Exhibit A hereto.

With respect to Discovery Materials designated "Confidential – Attorney's Eyes Only," "Qualified Persons" shall mean those persons under Paragraph 4(a), (b), (d), (e), (f), (g) and (h). The parties have agreed that Andrew T. Block, Esq. and Jeffrey Zimmerman, Esq. designated by Plaintiff, and Andrew Huffman, Esq., designated by Defendant, have been approved and cleared under this Protective Order in accordance with the requirements of Paragraph 4(d).

## <u>DESIGNATION AS "CONFIDENTIAL" OR<br>"CONFIDENTIAL – ATTORNEY'S EYES ONLY"</u>

5.      The designation as "Confidential" or "Confidential – Attorney's Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

      a.      In the case of Discovery Material, by affixing, legibly, the legend "Confidential" or "Confidential – Attorney's Eyes Only" to each page containing confidential information.

      b.      In the case of depositions or other pretrial or trial testimony ("Transcripts"), (i) by indicating on the record at the deposition or hearing that the testimony is "Confidential" or "Confidential – Attorney's Eyes Only" and is subject to the provision of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as "Confidential" or "Confidential – Attorney's Eyes Only" thereafter.  Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in its possession, custody or control, identifying portions of the Transcript as "Confidential" or "Confidential – Attorney's Eyes Only" as the case may be.  All Transcripts shall be treated as "Confidential – Attorney's Eyes Only" for a period of thirty (30) days after the receipt of the Transcript.

      c.      Materials designated as "Confidential" or "Confidential –Attorney's Eyes Only" as hereinafter be referred to a Confidential Material.

6.      Each Receiving Party's counsel of record shall maintain a log of all copies of "Confidential" or "Confidential – Attorney's Eyes Only" documents that are delivered to any one or more Qualified Persons identified in Paragraph 4(c) through (h) above.

7.      To the extent that Confidential Material or information obtained there from is used in the taking of depositions or used as exhibits at trial, such documents or information shall

remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Material.

8.      The recipient of any Confidential Material that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access, to Qualified Persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Confidential Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation.  All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

## CHALLENGES TO DESIGNATIONS

9.      At any time after the receipt of any Discovery Materials or Transcripts designated "Confidential" or "Confidential – Attorney's Eyes Only," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party.  Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded confidential treatment, or afforded a lesser degree of confidential designation, and the reasons supporting the challenging party's claim.  After such notice is made, the parties shall confer and in good faith attempt to resolve their differences.  If the parties are unable to agree as to whether the confidential designation is appropriate, counsel for the Receiving Party must move the Court for appropriate relief with reasonable notice to opposing counsel.  The party seeking a designation as

"Confidential" or "Confidential – Attorney's Eyes Only" shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure and to such designation. The party asserting that the information is not confidential because of the reasons listed in Paragraph 3 shall have the burden of making a prima facie showing in support of its position. All Discovery Materials and Transcripts that a party designates as "Confidential" or "Confidential – Attorney's Eyes Only" shall be accorded such status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the confidential status.

## FILING UNDER SEAL

10.    All documents of any nature, including briefs, which contain information that contains Confidential Material, which are filed with the Court, shall be filed in an envelope under seal with the Court, consistent with the requirements of Delaware Local Rule 5.3. There shall be, attached to the envelope containing the Confidential Material filed under seal, a cover sheet including the caption of the case, the signature of counsel of record for the party filing the document, and the following titles:

### CONFIDENTIAL INFORMATION ENCLOSED – FILED UNDER SEAL

Any documents filed under seal as provided in this paragraph shall be disclosed by the clerk only to counsel of record without further order of the Court. This does not limit other access to such documents as otherwise provided in this Order.

## INADVERTENT PRODUCTION AND DISCLOSURE

11.    A Producing Party that inadvertently produces Discovery Material without designation as "Confidential" or "Confidential – Attorney's Eyes Only" may retroactively designate the Discovery Material as "Confidential" or "Confidential – Attorney's Eyes Only" by

notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by Bates-number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Producing Party first realizes that the Discovery Material was produced without or with incorrect designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential" or "Confidential – Attorney's Eyes Only" retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Producing Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 13, below.

12.    A party's inadvertent production of Discovery Material in this action for another party's inspection or copying shall not in itself be deemed to waive any claim of attorney-client communication privilege or attorney work-product protection that might exist with respect to such Discovery Material or other documents or communications, written or oral, including, without limitation, other communications referred to in the Discovery Materials produced. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of attorney-client communication privilege or attorney work-product has been made.

13.    In the event of inadvertent disclosure of Confidential Materials to a person that is not a Qualified Person, the party that inadvertently discloses such information or that is in a

position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take all practical steps to retrieve the Confidential Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

## RETURN OF CONFIDENTIAL MATERIAL AFTER TERMINATION

14.    After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Material  for enforcement of the provisions of this Order following termination of this litigation.

15.    Within ninety (90) days after the later of (i) entry of final judgment in or settlement of this proceeding and (ii) the time for any and all appeals has expired, the Plaintiff and its counsel shall return to Defendant or its counsel all Confidential Material provided by Defendant and all copies thereof, and the Defendant and its counsel shall return to Plaintiff or its counsel all Confidential Material provided by Plaintiff and all copies thereof. Alternatively, the parties and their respective counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Counsel for each party may retain one archival copy of all discovery responses; deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential Material to the extent it is included in such papers or reflected in that counsel of record's work product.

## OTHER PROCEEDINGS

16.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## GENERAL ADVICE AND DISCLOSURE BY COUNSEL

17.     This Protective Order shall not bar any attorney for the parties from rendering advice to his or her client with respect to this action.

## DUTY TO COMPLY WITH PROTECTIVE ORDER

18.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

19.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

20.     The parties may, by stipulation, provide for exceptions to this Order and any party

may seek an order of this Court modifying this Protective Order.


Dated this ___ day of September 2006          _____

                                             **Honorable Kent A. Jordan**
                                             United States District Court



AGREED TO AS TO FORM AND CONTENT:


ASHBY & GEDDES                              MORRIS, JAMES, HITCHENS & WILLIAMS LLP

*/s/ John G. Day*                          */s/ Richard K. Herrmann*

_____                    _____
Steven J. Balick (I.D. #2114 )             Richard K. Herrmann (I.D. #405)
John G. Day (I.D. #2403)                    Mary B. Matterer (I.D. #2696)
Tiffany Geyer Lydon (I.D. #3950)            222 Delaware Avenue, 10th floor
222 Delaware Avenue, 17th Floor P.O. Box 2306
P.O. Box 1150                               Wilmington, Delaware  19899
Wilmington, Delaware  19899                 (302) 888-6800
(302) 654-1888                              rherrmann@morrisjames.com
sbalick@ashby-geddes.com                    mmatterer@morrisjames.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com                     *Counsel for Defendant USA Video Technology Corp.*

*Counsel for Plaintiff Time Warner Cable Inc.*

*Of Counsel:*                               *Of Counsel:*

Jeffrey M. Olson                           Edward W. Goldstein
Samuel N. Tiu                              GOLDSTEIN, FAUCETT & PREBEG, LLP
Matthew S. Jorgenson                       1177 West Loop South, Suite 400
SIDLEY AUSTIN LLP                          Houston, Texas  77027
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
(213) 896-6000

173008.1

11

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

TIME WARNER CABLE INC.,                        )
                                               )
        Plaintiff,                   )
                                               )  C.A. No. 06-387-KAJ
    v.                                      )
                                               )
USA VIDEO TECHNOLOGY CORP.,                    )
                                               )
        Defendant.                   )
                                               )

I hereby certify that I have read the Protective Order entered in the United States District Court for the District of Delaware on _____, 2006, in the above action. I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court for the District of Delaware for all purposes relating to the enforcement of the Order.

As soon as practical, but no later than sixty (60) days after final adjudication of this case, I shall return to counsel of record who provided me with such material, all materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" under this Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the Confidential Material that was provided me.

Dated:_____          _____
                                    Signature

                                    _____
                                    Type or Print Name of Individual

                                    _____
                                    Residence Address

                                    _____
                                    Business Address

                                    _____
                                    Employer

                                    _____
                                    Title/Job Description