**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TIME WARNER CABLE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | C. A. No. 1:06-cv-00387-KAJ |
| USA VIDEO TECHNOLOGY CORP. | § | Jury Trial Demanded |
| | § | |
| | § | |
| Defendant. | § | |

**USVO'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS, STAY OR TRANSFER**

Defendant USA Video Technology Corporation ("USVO") moves the Court to Dismiss or Stay this action pursuant to the "first to file" rule, or in the alternative, to transfer it to the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. § 1404(a) (1993).

**I.      INTRODUCTION**

USVO has filed a Motion to Transfer, Stay or Dismiss in this Court in favor of the first-filed action in the Eastern District of Texas.  Comcast and Charter, co-defendants with Time Warner Cable Inc. ("TWC") in the Texas case, have filed a Motion to Transfer or Stay the Texas case, which has been denied.  This means that there will be a case proceeding in the Eastern District no matter the outcome of any of USVO's Motions currently pending in this Court.  Thus, in the interest of judicial efficiency and economy, USVO's Motion to Transfer, Stay or Dismiss this case should be granted.

**II.     STATEMENT OF FACTS**

There are currently four litigations pending on the patent involved in this case, U.S. Patent No. 5,130,792 ("the '792 patent"), one of them being a patent infringement case filed in

the Eastern District of Texas on June 13, 2006, and three thereafter filed declaratory judgment actions currently pending in this Court.  On August 31, 2006, Judge Ron Clark of the Eastern District of Texas denied the Motion of Comcast, Comcast of Richardson, Comcast of Plano and Comcast of Dallas to Transfer to the District of Delaware, or in the Alternative, to Stay the Action, as well as Charter Communication's Joinder in the Motion to Transfer.  Exhibit A.  Thus, litigation there involving the '792 patent has and continues to go forward.

### III.    ARGUMENT

a.  Economy and justice dictate that this action be moved to Texas.

As there will be litigation moving forward in Texas, it is in the interests of judicial economy to allow all cases involving the same technology and issues proceed there.  28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court.'"  *Cashedge, Inc. v. Yodlee, Inc.*, 2006 U.S. Dist LEXIS 50488, 7 quoting *Brunswick Corp. v. Precor Inc.*, 2000 U.S. Dist. LEXIS 22222, at *7 (D. Del. Dec. 12, 2000).  "The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice.  In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy.  Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties."  *Crosley Corp. v.*

*Hazeltine Corp.*, 122 F.2d 925, 930 (3rd Cir. 1941). Because judicial effort and resources will be expended in the Eastern District in at least the cases against Charter and the Comcast defendants, the suits involving like defendants who practice similar technology and are accused of infringing the same patent should also proceed in the Eastern District.

      b.    TWC has filed an Answer in the Texas case.

Judge Clark has not allowed TWC to delay filing its Answer, as it requested. Please see Exhibit B. Rather, TWC has already filed an Answer in the Texas case. Exhibit C. USVO notes that TWC has not made counterclaims in that litigation, presumably in an attempt to delay its arguments until a later date in an effort to remove itself from the Eastern District. However, that litigation is moving along, and in fact a pre-scheduling conference involving all of the parties will take place on September 15, 2006 with a scheduling conference with the Court currently scheduled for November 1, 2006.

## IV.    CONCLUSION

For the reasons delineated above and in USVO's opening Brief, this Court should stay or dismiss this case in favor of the first-filed patent infringement case in the Eastern District of Texas. Alternatively, this Court should transfer this case under 28 U.S.C. § 1404(a) for resolution in the Eastern District.

Date: September 14, 2006

_/s/ Richard K. Herrmann_
Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
    WILLIAMS, LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendant
USA VIDEO TECHNOLOGY CORP.


OF COUNSEL:
Edward W. Goldstein
Corby R. Vowell
Alisa A. Lipski
GOLDSTEIN, FAUCETT & PREBEG, LLP
1177 West Loop South, Suite 400
Houston, Texas  77027
(713) 877-1515 – Telephone
(713) 877-1737    Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2006, I electronically filed the foregoing document, **USVO'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, STAY OR TRANSFER,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801


Additionally, I hereby certify that on the 14th day of September 2006, the foregoing document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

**VIA EMAIL AND FEDERAL EXPRESS**
Jeffrey M. Olson
Samuel N. Tiu
Matthew S. Jorgenson
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
213.896.6000
jolson@sidley.com
stiu@sidley.com
mjorgenson@sidley.com


　　　　/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendant
USA VIDEO TECHNOLOGY CORP.

# EXHIBIT   A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:06-CV-239 |
| v. | § § | JUDGE RON CLARK |
| TIME WARNER CABLE, INC.; COX COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, INC.; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO, LP; COMCAST OF DALLAS, LP, | § § § § § § § § | |
| Defendants. | § | |

## ORDER ON DEFENDANTS' MOTION TO TRANSFER
## OR IN THE ALTERNATIVE MOTION TO STAY THE ACTION

Before the court is Defendants' Comcast Cable Communications, LLC, Comcast of

Richardson, LP, Comcast of Plano, LP, and Comcast of Dallas, LP (collectively "Comcast

Defendants") Motion to Transfer to the District of Delaware or, in the Alternative, to Stay the

Action [Doc. # 18]. Defendant Charter Communications, Inc. ("Charter") joined in this motion

[Doc. # 28]. Defendants ask the court to consider a discretionary transfer of venue for the

convenience of the parties and witnesses to the United States District Court for the District of

Delaware, pursuant to 28 U.S.C. § 1404(a). The court finds that a transfer is not warranted in

this case. The court also concludes that the circumstances of this case do not warrant a stay.

### I. Background

Plaintiff USA Video Technology ("USVO") filed suit against the Comcast Defendants,

Charter, Cox Communications, Inc., and Time Warner Cable, Inc. in the Eastern District of

1

Texas, Marshall Division on June 13, 2006.  USVO alleges that the Defendants infringe Claim 1

of U.S. Patent No. 5,130,792 (the ` 792 patent).  This patent involves systems that communicate

video programs to remote locations.  This "video-on-demand" process allows a customer to

obtain a video program whenever a customer requests it.  After suit was filed here, Time Warner

Cable, Inc., the Comcast Defendants, and Cox Communications, Inc. all filed declaratory

judgment actions in Delaware seeking declarations of non-infringement and invalidity of the

claims in the ` 792 patent.

       Both sides note that in a case in Federal District Court in Delaware,  involving Plaintiff

and a different defendant, Movielink, the Honorable Kent Jordan, United States District Judge,

construed a term in Claim 1 of the` 792 patent and granted summary judgment for Movielink.

This opinion was recently affirmed by the Federal Circuit Court of Appeals.  Defendants contend

that a transfer to Delaware, or a stay of this case, is appropriate because: (1) Judge Jordan is

familiar with the ` 792 patent and the technology at issue; (2) the related declaratory judgment

actions were filed in Delaware before Judge Jordan; and (3) Delaware is a more convenient

forum than Texas.

## II. Motion to Transfer

       The goal of § 1404(a) "is to prevent waste of time, energy, and money and to protect

litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen

v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964).  The first determination to be made

under Section 1404(a) is whether the claim could have been filed in the judicial district to which

transfer is sought.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  If so, the court then

examines the convenience of the parties and the witnesses.  *Id.*  This determination involves

2

examining several private and public interest factors, none of which are given dispositve weight individually.  *Id.*   The movant bears the burden of proof in demonstrating that a transfer is warranted. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).[1]

"The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil  action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).  It not disputed that this case could have initially been brought in the District of Delaware.  With this threshold issue resolved, the court's analysis turns to the ten factors governing this Circuit's § 1404(a) analysis.

In determining whether an action should be transferred under § 1404(a), the court must consider several private and public interest factors.  *In re Volkswagen AG*, 371 F.3d at 203. The private interest factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted.  *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 653 (5th Cir. 2005); 17 James Wm. Moore et al., Moore's Federal Practice § § 111.13, et seq. (3d ed. 1997).  The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *See Dominguez-Cota*, 396 F.3d at

---

[1]The court notes that the Federal Circuit defers to regional circuit law on procedural issues, including transfer of venue under Section 1404(a).  *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

3

653-54.

## A. Private Interest Factors

      1. Plaintiff's Choice of Forum

     As a general rule, the plaintiff's choice of forum is entitled to substantial deference. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). However, the significant weight given to a plaintiff's choice of forum is diminished when the plaintiff does not reside in his chosen forum and no operative facts occurred within the forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Plaintiff's choice of forum alone is neither conclusive nor determinative. *In re Horseshoe Entm't*, 337 F.3d at 434.

     Although its decisions are not binding on the issue of venue transfer, the Federal Circuit has stated that in patent cases courts normally give great weight to the plaintiff's choice of forum. *See Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n. 2 (Fed. Cir. 1999). Moreover, patent litigation is quite different from other cases, a fact recognized by the venue statutes which allow for venue either where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. *See* 28 U.S.C. § 1400(b).

     The Comcast Defendants assert that Plaintiff does not maintain a principal place of business or headquarters in Texas, and that Texas lacks any legally relevant factual nexus with the claims in this case. While it is true the parties are headquartered outside of Texas, the complaint states that the Comcast Defendants conduct business in Texas, and that this business involves selling the accused products and services. Defendants bear the burden to rebut these allegations and show that transfer is warranted. *See Time, Inc.,* 366 F.2d at 698. The Comcast Defendants, however, did not present any argument or evidence showing that the accused

4

products and services are not sold in Texas.[2]

Defendants also suggest Plaintiff's choice of forum should be disturbed because Judge Jordan has already construed a term in Claim 1 of the `792 patent, and the three declaratory judgment actions filed by Defendants in Delaware involving the `792 patent are before him.  It is undisputed that this action was filed prior to the declaratory judgment actions in Delaware.  Under the first-to-file rule, as applied in the Federal Circuit, the forum of the first filed case should be favored absent special circumstances, like considerations of judicial economy and effective disposition of disputes. *See Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

Defendants' arguments for ignoring this rule and for discounting Plaintiff's choice of forum, focus on Judge Jordan's familiarity with the `792 patent and the technology involved in a previous case.  The force of Defendants' argument, however, is undercut by the acknowledgment that it is very unlikely Judge Jordan will actually hear this case because he has been nominated to the U.S. Court of Appeals for the Third Circuit.  Moreover, only one claim term was actually interpreted by Judge Jordan, and Plaintiff agrees that it is bound by Judge Jordan's interpretation of this term, eliminating the need for construction of it.

Plaintiff also submits that the technology in this case is different than in the case against Movielink.  Plaintiff alleges that the accused device here involves transmissions over a digital cable network, which utilizes different equipment than the internet services at issue in the

---

[2]The court notes that it could almost take notice of the accused products and services being marketed and sold in Texas based on the sheer amount of advertising done in Texas by at least some of the Defendants.  What is surprising is that nowhere in its motion does Plaintiff mention or provide evidence of this fact.

Movielink case.  Additionally, contrary to Defendants' assertions, the mere fact that Plaintiff

filed a suit in Delaware involving the ` 792 patent does not somehow preclude it from filing later

suits against different defendants in other forums.  Under these circumstances, the court cannot

conclude that the Plaintiff's choice of forum, which is also the forum of the first filed case, is

outweighed by concerns of judicial economy and effective resolution of disputes.  This factor

does not weigh in favor of transfer.

      2. The Convenience of the Parties and Material Witnesses

The convenience of the witnesses is an important factor in deciding whether a case should

be transferred pursuant to § 1404(a).  The moving party bears the burden to specifically identify

key witnesses and outline the substance of their testimony.  *Dupre v. Spanier Marine Corp.*, 810

F.Supp. 823, 825 (S.D.Tex. 1993). Defendants make no reference to key party or non-party

witnesses. Defendants only make the general statement that Delaware is a more convenient

forum for the parties.  The Comcast Defendants are incorporated in Delaware and have their

principal places of business in either Philadelphia or Delaware.  The costs of travel to Texas from

Delaware and Philadelphia are relatively low, and this court regularly allows counsel to

participate telephonically in hearings, other than trials.  Given that Defendants have made no

specific showing of inconvenience for parties or witnesses, the court finds that Defendants have

failed to show that this factor weighs in favor of transfer.

      3. Place of the Alleged Wrong

Plaintiff contends that the infringement is ongoing where the accused devices and

services are sold, which include Texas.  Defendants have produced no evidence to rebut this

statement.  Because the alleged wrongs continue to occur in Texas, this factor does not weigh in

favor of transfer of venue.

       4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory

       Process

Defendants did not address this factor.  With modern video deposition technology, the

need for many witnesses to travel at all is reduced or eliminated.  This is especially true for

witnesses whose credibility cannot seriously be challenged, even if there is a dispute over the

effect of some technical data they produce, or a witness with background information needed to

establish a basis for more crucial testimony by an expert.  Moreover, there has been no showing

that the availability of compulsory process is an issue.  This factor does not weigh in favor of

transfer.

       5. The Accessibility and Location of Sources of Proof

Defendants also did not address this factor. Documentary evidence is routinely

transmitted electronically.  There is no suggestion that the documents needed for a hearing or

trial are so voluminous in this case that they cannot be easily transferred, or that they would not

be capable of being stored electronically and transferred in that manner.  This factor does not

weigh in favor of transfer.

       6. The Possibility of Delay and Prejudice if Transfer is Granted

Defendants filed this motion at the outset of litigation and assert that there would be very

little delay or prejudice if the transfer is granted.  Defendants point to the fact that there are three

suits already pending between the parties in Delaware and that this case would most likely be

consolidated with them, resulting in little to no delay in the proceedings.  Plaintiff states that the

overall time from filing to trial is slightly faster in the Eastern District of Texas than in the

District of Delaware, and so some delay in the resolution of the case may result if this case was transferred. Weighing this delay against the fact this case would most likely be consolidated with other cases in Delaware, the court finds that this factor is neutral.

**B. Public Interest Factors**

      1. Administrative Difficulties Caused by Court Congestion

      Defendants failed to produce any evidence showing that the hearing of this case would cause administrative difficulties. It is unlikely there will be any delay or administrative difficulties in this court. The court concludes that this factor does not weigh in favor of transfer.

      2. Local Interest in Adjudicating Local Disputes

      Given that some of the alleged actions of infringement occurred in this State, there exists some local interest in adjudicating this dispute. This factor weighs slightly in favor of not transferring the case.

      3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

      Because the court finds that the citizens of Texas have an interest in adjudicating this suit, it follows that the jury pool in this District will not be unduly burdened in deciding this matter. Consequently, this factor does not weigh in favor of transfer.

      4. The Avoidance of Unnecessary Problems in Conflict of Laws

      This factor is not a concern in a patent case where there are no pendent state law claims. This factor does not weigh either for or against transfer.

      On balance, neither the "convenience factors" nor the "public interest" factors weigh in favor of transfer. Plaintiff's choice of forum, therefore, will not be disturbed.

### III. Motion to Stay

Defendants also move the court to stay this case pending a resolution of the declaratory judgment actions filed in Delaware. Defendants argue that a stay would avoid parallel litigation, would be in the interest of judicial economy because Judge Jordan is already familiar with the ` 792 patent, and would avoid the risk of inconsistent rulings related to the ` 792 patent. The court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936). How to best manage the court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Id.* at 254-55, 57 S.Ct. at 166. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255, 57 S.Ct. at 166.

Here, the court must consider that Texas is Plaintiff's choice of forum and that this case was filed in this forum prior to the filings in Delaware. Defendants are not normally allowed to complicate and multiply proceedings by filing numerous suits in other courts rather than answer in the court in which they are sued. While Judge Jordan's familiarity with the ` 792 patent may be a reason to stay this case, Judge Jordan is unlikely to hear the cases involving the ` 792 patent. Under these circumstances, the court finds that a stay is not appropriate at this time.

### IV. Conclusion

The Comcast Defendants have failed to show that transfer under Section 1404(a) is warranted. Under the circumstances, the court also will not stay these proceedings. Defendant Charter did not assert any additional reasons to transfer or stay this case, and so its motion is denied for the reasons stated.

IT IS THEREFORE ORDERED that Defendants' Comcast Cable Communications, LLC, Comcast of Richardson, LP, Comcast of Plano, LP, and Comcast of Dallas, LP Motion to Transfer to the District of Delaware or, in the Alternative, to Stay the Action [**Doc. # 18**] is **DENIED**.

IT IS FURTHER ORDERED that Defendant Charter Communications, Inc.'s Joinder in the Motion to Transfer [**Doc. # 28**] is **DENIED**.

So **ORDERED** and **SIGNED** this **31** day of **August, 2006.**

_____
Ron Clark, United States District Judge

# EXHIBIT   B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION, | §<br>§<br>§ | |
| *Plaintiff,* | §<br>§ | Civil Action No. 2:06-CV-239 |
| v. | §<br>§ | |
| | § | JUDGE RON CLARK |
| TIME WARNER, INC.; COX COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, INC.; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO, LP; COMCAST OF DALLAS, LP, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | § | |

**ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Before the court is Defendant Time Warner Cable, Inc.'s Unopposed Motion to Enlarge

Time To Answer Or Otherwise Respond [Doc. # 50]. Time Warner requests an extension to file

a responsive pleading until October 25, 2006 or until thirty days after this court rules on

Plaintiff's Motion for Leave to Amend the Complaint [Doc. # 42], which is opposed.[1]

Under Fed. R. Civ. P. 1, the rules of procedure must be construed and administered to

secure the just, speedy, and inexpensive determination of every action. The first Amended

Complaint, which was filed to correct the location of Time Warner Cable, Inc.'s registered agent

listed in the original Complaint, was filed on August 18, 2006. Time Warner Cable, Inc.'s

current deadline to answer is September 11, 2006. The Case Management Conference is set for

October 31, 2006. This court regularly allows amended pleadings after exchange of extensive

initial disclosures. In order to secure a just and inexpensive determination of this action, the

---

[1]This would be Plaintiff's second Amended Complaint. No Scheduling Order has been
entered and so leave of court is required. *See* Fed. R. Civ. P. 15.

court will deny Defendant's request.

      IT IS THEREFORE ORDERED that Defendant Time Warner Cable, Inc.'s Unopposed Motion to Enlarge Time To Answer Or Otherwise Respond [**Doc. # 50**] is **DENIED**.  Under the circumstances, the court will allow this Defendant until **September 13, 2006** to file a responsive pleading.

# EXHIBIT   C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION | § § § | |
| v. | § § | C.A. NO. 2:06-CV-239 |
| TIME WARNER CABLE INC.; COX COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, INC.; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO, LP; COMCAST OF DALLAS, LP | § § § § § § § § | JUDGE RON CLARK  JURY TRIAL DEMANDED |

**DEFENDANT TIME WARNER CABLE INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Time Warner Cable Inc. ("TWC") hereby responds to the First Amended

Complaint (DOC. 34) filed by Plaintiff, USA Video Technology Corporation ("USVO"), with

the following Answer and Affirmative Defenses.

TWC responds to the allegations in the numbered paragraphs of the First Amended

Complaint as follows:

**ANSWER**

1.      Answering paragraph 1 of the First Amended Complaint, TWC is without

information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies

them.

2.      Answering paragraph 2 of the First Amended Complaint, TWC denies that its

name is "Time Warner Cable, Inc." Its correct corporate name is "Time Warner Cable Inc."

TWC otherwise admits the allegations of this paragraph.

3.    Answering paragraph 3 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

4.    Answering paragraph 4 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

5.    Answering paragraph 5 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

6.    Answering paragraph 6 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

7.    Answering paragraph 7 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

8.    Answering paragraph 8 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

9.    Answering paragraph 9 of the First Amended Complaint, TWC admits that USVO purports that this is an action for infringement of a United States patent and that there is subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271 and 28 U.S.C. § 1338(a), but otherwise denies the allegations therein.

10.    Answering paragraph 10 of the First Amended Complaint, TWC denies the allegations therein.

11.    Answering paragraph 11 of the First Amended Complaint, TWC admits that a patent bearing the number 5,130,792, a copy of which is attached as Exhibit A to the First Amended Complaint, was issued by the United States Patent Office on July 14, 1992, and denies the remaining allegations therein.

12.    Answering paragraph 12 of the First Amended Complaint, paragraph 12 of the First Amended Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 12 contains factual allegations to which a response is required, those allegations are denied.

13.    Answering paragraph 13 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

14.    Answering paragraph 14 of the First Amended Complaint, TWC admits that it operates cable systems in various locations throughout the United States and that it offers content on demand to its cable subscribers. TWC denies the remaining allegations of this paragraph.

15.    Answering paragraph 15 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

16.    Answering paragraph 16 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

17.    Answering paragraph 17 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

18.    Answering paragraph 18 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

19.    Answering paragraph 19 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

20.    Answering paragraph 20 of the First Amended Complaint, TWC is without information sufficient to admit or deny the allegations of this paragraph, and on this basis, denies them.

21.    Answering paragraph 21 of the First Amended Complaint, TWC denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (Non-Infringement)

22.    On information and belief, TWC has not directly infringed, contributed to the infringement, and/or actively induced the infringement of any claim of United States Patent 5,130,792 ("the '792 Patent"), nor has it otherwise committed any acts of infringement on any rights of USVO.

LA1 829955v.1

## SECOND AFFIRMATIVE DEFENSE (Invalidity)

23.     On information and belief, the '792 Patent is invalid by reason of having been issued in violation of the U.S. patent laws, Title 35 United States Code, including violation of Sections 102, 103, 112, 115, and 116 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

## THIRD AFFIRMATIVE DEFENSE  (Inequitable Conduct Before The USPTO)

24.     On information and belief, the '792 Patent is unenforceable by reason of inequitable conduct by the patentee and/or its representatives, successors, or assignees before the U.S. Patent and Trademark Office ("USPTO").

## FOURTH AFFIRMATIVE DEFENSE (Waiver, Laches, Acquiescence And Estoppel)

25.     On information and belief, the relief sought by USVO is barred by waiver, laches, acquiescence and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE (Improper Venue)

26.     Venue does not properly reside with this Court, but rather properly resides in the United States District Court for the District of Delaware.  This case should be dismissed in favor of the first-filed action in that district, captioned Time Warner Cable Inc. v. USA Video Technology Corp., Case No. 06-387-KAJ and/or transferred to that district.

## **PRAYER FOR RELIEF**

**WHEREFORE,** TWC prays for the following:

1.    A judgment that TWC has not infringed and does not infringe in any manner any claim of the '792 patent, directly, contributorily or by inducement, and has not otherwise infringed or violated any rights of USVO.

2.    A judgment that each claim contained in the '792 patent is invalid and unenforceable and therefore without any force or effect.

3.    An injunction against USVO and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with USVO from charging infringement or instituting any legal action for infringement of the '792 patent against TWC or anyone acting in privity with TWC, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors and customers of TWC.

4.    A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling TWC to an award of its reasonable attorneys' fees, expenses and costs in this action.

5.    A judgment for such other and further relief in law or in equity as this Court deems just or proper.

## JURY DEMAND

TWC hereby respectfully demands trial by jury of all issues so triable.

Dated:  September 13, 2006

Respectfully submitted,

By:   /s/ J. Thad Heartfield
      J. Thad Heartfield
      Texas Bar No. 09346800
      E-mail: thad@jth-law.com
Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, Texas 77706
Telephone:  (409) 866-3318
Fax:  (409) 866-5789

Jeffrey M. Olson (*pro hac vice app pending*)
Sidley Austin LLP
555 West 5th Street
Los Angeles, California 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600

ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 13th day of September, 2006. Any other counsel of record will be served by first class mail.

_/s/ J. Thad Heartfield_
J. Thad Heartfield

## Malone, Dee Dee

| | |
|---|---|
| **From:** | txedCM@txed.uscourts.gov |
| **Sent:** | Wednesday, September 13, 2006 2:26 PM |
| **To:** | txedcmcc@txed.uscourts.gov |
| **Subject:** | Activity in Case 2:06-cv-00239-RHC USA Video Technology Corporation v. Time Warner, Inc., et al "Answer to Amended Complaint" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court [LIVE]

### Eastern District of TEXAS LIVE

Notice of Electronic Filing

The following transaction was received from Heartfield, J Thad entered on 9/13/2006 at 2:25 PM CDT and filed on 9/13/2006

| | |
|---|---|
| **Case Name:** | USA Video Technology Corporation v. Time Warner, Inc., et al |
| **Case Number:** | 2:06-cv-239 |
| **Filer:** | Time Warner, Inc., |
| **Document Number:** | 54 |

**Docket Text:**
ANSWER to Amended Complaint by Time Warner, Inc.,.(Heartfield, J)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=9/13/2006] [FileNumber=1436127-0
] [05ec4554b7b5d874a5e3811a33243359b799a04100669975da799860485471d2c44
d11382ac0c8a66feb655e9c5cf96f8995e9567fd4abd2027db7387aaecbd8]]

**2:06-cv-239 Notice will be electronically mailed to:**

Nicholas B Clifford , Jr     nclifford@thompsoncoburn.com, pboker@thompsoncoburn.com

Candice C Decaire     cdecaire@kilpatrickstockton.com

Dean Franklin     dfranklin@thompsoncoburn.com

Harry Lee Gillam , Jr     gil@gillamsmithlaw.com, becky@gillamsmithlaw.com

Edward W Goldstein     egoldstein@gfiplaw.com, dmalone@gfiplaw.com

J Thad Heartfield     thad@jth-law.com, karen@jth-law.com

Michael Edwin Jones     mikejones@potterminton.com, jovallery@potterminton.com; courtnotices@potterminton.com

Matthew B Lehr     matthew.l! ehr@dpw.com

Yiping Liao     yiping.liao@dpw.com

Duane Nash     duane.nash@dpw.com

Suong Nguyen     suong.nguyen@dpw.com

Matthew A Rosenberg     mrosenberg@thompsoncoburn.com, ipdocket@thompsoncoburn.com

Melissa Richards Smith     melissa@gillamsmithlaw.com, pam@gillamsmithlaw.com

Mitchell G Stockwell     mstockwell@kilpatrickstockton.com, khollingsworth@kilpatrickstockton.com; kteilhaber@kilpatrickstockton.com; jreed@kilpatrickstockton.com

Leroy M Toliver     btoliver@kilpatrickstockton.com

Thomas John Ward , Jr!     jw@jwfirm.com, ak@jwfirm.com; ad@jwfirm.com

**2:06-cv-239 Notice will be delivered by other means to:**