# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 3, 2006

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re: *Time Warner Cable Inc. v. USA Video Technology Corporation,*
   C.A. No. 06-387-KAJ

Dear Judge Jordan:

On behalf of the plaintiff, Time Warner Cable Inc. ("TWC"), I am writing regarding a new development that is relevant to the pending motion by the defendant to dismiss or transfer this action to the Eastern District of Texas (D.I. 10) (the "Motion").

On September 7, 2006, TWC filed its answering brief (D.I. 18) in opposition to the Motion. On pages 14-15 of its brief, TWC argued against transfer because "there is a substantial question as to whether there is personal jurisdiction over all of the parties named in the Texas case." The Texas Court has now ruled, and it indeed found that it lacks personal jurisdiction over Cox Communications, Inc. A copy of the Texas Court's November 1, 2006 order, severing the claim against Cox Communications and transferring it to this Court, is attached for Your Honor's convenience.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB: dmf
Attachment
174804.1

c: Jeffrey M. Olson, Esquire (via electronic mail; w/attachment)
   Richard K. Herrmann, Esquire (by hand and via electronic mail; w/attachment)
   Edward W. Goldstein, Esquire (via electronic mail; w/attachment)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 2:06-CV-239 |
| v. | § § | JUDGE RON CLARK |
| TIME WARNER CABLE, INC.; COX COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, INC.; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO, LP; COMCAST OF DALLAS, LP, | § § § § § § § § | |
| *Defendants*. | § | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND PLAINTIFF'S MOTION TO AMEND**

Defendant Cox Communications, Inc. ("Cox") filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the District of Delaware [Doc. # 32]. In response, Plaintiff argued that it needed limited discovery on the issue of personal jurisdiction. Plaintiff also filed a Motion for Leave to Amend [Doc. # 42] to join a subsidiary of Cox, CoxCom, Inc. ("CoxCom"), and asked for discovery on the relationship between Cox and CoxCom.

This court allowed limited discovery on these issues. *See* Order on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 53]. Both parties have submitted supplemental briefing on these motions. Based on the evidence presented, Cox and CoxCom lack sufficient contacts with Texas for this court to exercise jurisdiction over them. Normally,

1

when the court lacks personal jurisdiction over a party, the court can dismiss the party or transfer

to a court which has personal jurisdiction. Cox requests that this case be transferred to Delaware.

The court will sever Plaintiff's claims against Cox and grant Cox's request to transfer to

the District of Delaware. The court also finds that the joinder of CoxCom is not warranted.

## I. Background

Plaintiff USA Video Technology ("USVO") alleges that the Defendants infringe Claim 1

of U.S. Patent No. 5,130,792 (the `792 patent). The `792 patent teaches a method for

communicating video programs to remote locations over selected commercial telephone

networks. This "video-on-demand" process allows a customer to obtain a video program

whenever a customer requests it.

Cox maintains that Plaintiff has sued the wrong company because Cox does not provide

"video-on-demand" services and Cox does not own or operate a cable system in Texas. Cox also

states that its affiliate CoxCom does not sell or market any products in Texas. After suit was

filed here, CoxCom filed a declaratory judgment action in Delaware against USVO. Cox itself

has not joined in the action in Delaware.

## II. Law and Analysis

**A. Personal Jurisdiction over Cox**

<u>1. Standard of Review for Personal Jurisdiction</u>

Because this a patent case, this court applies the law of the Federal Circuit, rather than

that of regional circuits, to determine whether personal jurisdiction exists. *Electronics For*

*Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). There are two types of personal

jurisdiction – specific and general. *Id.* at 1349. Under general jurisdiction, the exercise of

2

jurisdiction is proper where the defendant has continuous and systematic contacts with the forum

state, even if those contacts are not related to the cause of action.  *Id.* at 1349.  However, these

contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on

causes of action arising from dealings entirely different from those activities." *International

Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S.Ct. 154, 159 (1945).

Determining whether specific personal jurisdiction over a nonresident defendant is proper

entails two inquiries: (1) whether the long-arm statute of the forum state confers personal

jurisdiction over the defendant; and (2) whether the exercise of such jurisdiction by the forum

state is consistent with due process.  *Id* at 1349.[1]  Texas' long arm statute has been interpreted to

extend to the limits of due process.  *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

Therefore, the question is whether Defendant's contacts with the State are sufficient to satisfy

due process. *Electronics For Imaging, Inc.*, 340 F.3d at 1350.

Whether due process is satisfied requires the court to consider whether Defendant has

certain "minimum contacts" with the forum state, and whether the exercise of jurisdiction would

offend traditional notions of fair play and substantial justice.  *Electronics For Imaging, Inc.*, 340

F.3d at 1350.  In making this determination, the Federal Circuit has stated that three factors must

be considered: (1) whether the defendant purposefully directed its activities at the residents of the

forum state, (2) whether the claim arises out of or relates to those activities, and (3) whether

assertion of personal jurisdiction is reasonable and fair.  *Id.*  The first two factors correspond with

---

[1]The Federal Circuit has stated "the question of which Due Process Clause controls the
personal jurisdiction inquiry becomes purely academic because this court, though professing
reliance on the Fifth Amendment, applies the Fourteenth Amendment state-contacts test of
*International Shoe*." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355,
1358 n.*. (Fed. Cir. 1998).

the "minium contacts" analysis and the third factor corresponds with the traditional notions of fair play and substantial justice. *Id.* Plaintiff bears the initial burden to prove a prima facie case that Defendant has minimum contacts with the forum state. *Id.* Defendant bears the burden to show that the exercise of jurisdiction would violate the traditional notations of fair play and substantial justice. *Id.*

2. Cox's Contacts

In this court's prior order allowing Plaintiff discovery on the issue of personal jurisdiction, the court pointed out that Plaintiff had failed to show the nature and extent of Cox's contacts with Texas. After limited discovery, Plaintiff still has not presented any evidence which suggests that Cox has continuous and systematic contacts with Texas (for general jurisdiction), or that Cox marketed or sold any of the accused services or products in Texas (for specific jurisdiction). In fact, Plaintiff admits that Cox appears to have no ties to Texas.

Plaintiff suggests that the contacts of Cox's affiliates may be attributed to Cox for the purposes of establishing minimum contacts with Texas. Contacts may be attributed when a parent company totally dominates and controls its subsidiary, operating the subsidiary as its business conduit or agent. *See U.S. v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691 (5th Cir. 1985).[2] Even assuming that one of Cox's affiliates has sufficient contacts with Texas to establish a basis for jurisdiction, Plaintiff has not argued, or come forward with any evidence to show, that Cox totally dominates and controls any of its subsidiaries or affiliates. Plaintiff has not suggested that any additional discovery is needed. The court will grant Cox's request to transfer.

---

[2]In analyzing whether the contacts of an affiliate are imputed to another entity, the Federal Circuit follows the law of other courts of appeals. *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1380, 1380 (Fed. Cir. 2004).

**C. Joinder of CoxCom**

    1. Standard of Review for Joinder

    Under Fed. R. Civ. P. 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In applying Rule 21, the court is governed by the liberal amendment standards of Rule 15(a). *See McLellan v. Miss. Power & Light*, 526 F.2d 870, 873 (5th Cir. 1976).[3] Under Rule 15(a), the court should grant leave "freely" and there is a strong bias in favor of granting leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). A district court may consider various factors in determining whether to allow leave to amend. *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). These factors include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by an amendment previously allowed, undue prejudice to the other party, and futility of the amendment. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Denial may be based upon futility alone. *Id.* at 320.

    2. Futility of Joinder

    Cox argues that joinder of CoxCom is futile because the evidence before the court shows that this court cannot exercise personal jurisdiction over CoxCom.

        *a. General Jurisdiction*

    Plaintiff states that CoxCom has continuous and systematic general business contacts

---

     [3]The Federal Circuit has stated that a decision on whether to grant or deny a motion for leave to join a party is governed by the law of the regional circuit. *See Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004).

with Texas because CoxCom owns and operates a Point of Presence ("POP") in Dallas, Texas. This POP is a transport backbone node for a national IP network and is located in leased office space in Dallas. The POP consists of a network of circuits and equipment for connecting internet protocol traffic traveling across the nation to and from CoxCom's systems located outside of Texas. It is undisputed that the node operates only to carry internet protocol traffic through Texas, not to any Texas residents. In fact, there is no evidence to suggest that CoxCom does any business in Texas at all.

While the Federal Circuit has not directly addressed this issue, the Fifth Circuit has stated that interconnections, even though crossing the border into a forum, are insufficient by themselves to confer general jurisdiction. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 718 (5th Cir. 1999). The court finds this reasoning persuasive. The POP only operates to transfer digitized packets of information as part of a national network, and is not directly related to any business activity in Texas. This is not the type of activity which is so substantial and of such a nature to justify the exercise of general jurisdiction. S*ee International Shoe*, 326 U.S. at 318, 66 S.Ct. at 159.

Moreover, there are no permanent employees in Dallas, and CoxCom employees only occasionally service the equipment in Dallas. These occasional visits by employees are insufficient to establish a basis for general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-18, 104 S.Ct. 1868, 1872-74 (1984). Additionally, the mere renting or ownership of property in a forum is not enough to confer jurisdiction when that property is not used to conduct business in the forum. *See Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S.Ct. 2569, 2584 (1977). Plaintiff has not argued, and there is no evidence to suggest, that the

6

property in Dallas (i.e. servers and routers) was used to conduct business in Texas.  On the record before it, the court finds that the POP is insufficient to establish a basis for general jurisdiction.

### b. Specific Jurisdiction

To establish specific jurisdiction, there must be some evidence that the claims arise out of or relate to the contacts with Texas. *Electronics For Imaging, Inc.*, 340 F.3d at 1350.  Plaintiff has accused Defendants' "video on demand" cable television services as infringing on the `792 patent.   It is undisputed that CoxCom no longer offers "video on demand" services in Texas, and that the POP is not part of CoxCom's cable television services.  Therefore, the alleged contact with Texas, internet traffic passing through a POP, cannot be related to Plaintiff's claims of offering "video on demand" services to Texas residents.  The court concludes that there is no basis for specific jurisdiction over CoxCom.

Plaintiff has not asked for any additional discovery or suggested that any other contacts with Texas exist. Because the evidence before the court shows that this court lacks personal jurisdiction over CoxCom, the court concludes that joinder would be futile and is not warranted. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 1570 (1999)(personal jurisdiction is an essential element of the jurisdiction of a district court "without which the court is powerless to proceed to an adjudication.").

### III. Conclusion

After discovery, Plaintiff failed to come forward with any evidence to show that this court could exercise jurisdiction over Cox Communications, Inc.  The evidence before the court also shows that the joinder of CoxCom, Inc. would be futile because CoxCom, Inc. does not have sufficient contacts with Texas such that this court can exercise jurisdiction over it.

7

IT IS THEREFORE ORDERED that Defendant Cox Communications, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the District of Delaware [**Doc. # 32**] is **GRANTED IN PART**.  USA Video Technology's claims against Cox Communications, Inc. are **SEVERED** and **TRANSFERRED** to the United States District Court for the District of Delaware.  The Clerk shall send a copy of this Order to the Clerk of the United States District Court for the District of Delaware

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend [**Doc. # 42**] is **DENIED**.

So **ORDERED** and **SIGNED** this **1**   day of **November, 2006.**

_____
Ron Clark, United States District Judge

8