# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

November 15, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

    Re: *Time Warner Cable, Inc. v. USA Video Technology Corp.*,
       Civil Action No.: 06-387 KAJ

Your Honor:

This letter is in response to Mr. Balick's letter to the Court dated November 3, 2006.

Plaintiff's letter is interesting, not from the standpoint of what he said concerning the proceedings in Texas, but what he didn't say. Specifically, the following unstated facts are relevant to the Court's consideration:

- In the Texas litigation Answers and Counterclaims have been filed by the remaining defendants, namely Time Warner, Charter Communications and the Comcast entities;

- Timely Replies have been filed;

- Based on the above, the Court in Texas held a Scheduling Conference on November 1, 2006 attended by counsel for plaintiff and each of the remaining defendants;

- Before the Scheduling Conference counsel met telephonically and prepared and filed a proposed schedule calling for trial in February, 2008, some 16 months from now. A copy of the Order has now issued and is attached as Exhibit A.

- The Protective Order entered in this case is attached as Exhibit B.

oOo

The Honorable Kent A. Jordan  
November 15, 2006  
Page 2

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

As the Court will see from the above, the Texas action will be proceeding quite quickly now that the Scheduling Conference has been held and plaintiff and the several remaining defendants will have their day in Court within 16 months. No good reason exists for the subject matter before the Texas Court to go forward simultaneously in Delaware and when information is received concerning the transferred action against Cox, USVO will move to stay such action until completion of the first filed action in Texas.

Respectfully,

Richard K. Herrmann, I.D. No. 405  
rherrmann@morrisjames.com

RKH/sch

cc:   Steven J. Balick, Esq. (via email)

# EXHIBIT A



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-239 |
| | § § | JUDGE RON CLARK |
| TIME WARNER CABLE, INC., ET. AL., | § § § | |
| *Defendants.* | § | |

# SCHEDULING ORDER
(Patent Case)

The Court, after considering the joint attorney conference report and after reviewing the case file, enters this case specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated.[1]

### DEADLINES

| | |
|---|---|
| November 13, 2006 | P.R. 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions. |
| December 6, 2006 | Join Additional Parties |
| November 20, 2006 | To extent not already required to be disclosed, exchange Mandatory Disclosures |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed. All deadlines shall be as of 4:00 p.m., on the day specified. If delivery of a document or other item is required, and counsel chooses to mail the same, it shall be deposited, properly addressed and postage pre-paid, in a mailbox or at a post office, at least three (3) days before the indicated deadline, on a day mail is scheduled to be picked up by the postal service at that location, and at a time before the last scheduled pickup.

Scheduling Order (Patent Cases) Rev. 11/17/05

| | |
|---|---|
| December 20, 2006 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| December 28, 2007 | P.R. 3-3 Preliminary Invalidity Contentions (and P.R. 3-4 document production) to be served |
| January 8, 2007 | Parties to exchange proposed terms and claim elements for construction (P.R. 4-1). |
| January 29, 2007 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
| January 31, 2007 | Plaintiff's Final Amended Pleadings (It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit). |
| February 21, 2007 | Respond to Amended Pleadings |
| May 25, 2007 | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| June 25, 2007 | Completion date for discovery on claim construction (P.R. 4-4). |
| July 13, 2007 | Opening claim construction brief (P.R. 4-5(a)). |
| July 27, 2007 | Responsive claim construction brief (P.R. 4-5(b)). |
| August 3, 2007 | Reply claim construction brief (P.R. 4-5(c)). |
| August 15, 2007 | Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. |
| August 15, 2007 | Submit technology synopsis. Possible claim construction pre-hearing conference. |

| | |
|---|---|
| August 27, 2007 | Possible tutorial at 10:00 a.m. |
| **August 29, 2007** | Claim construction hearing at 10:00 a.m. |
| September 19, 2007 | Provide Initial Mandatory Disclosures of information directed solely to damages. Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information. It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| October 24, 2007 | Parties to Designate Expert Witnesses on issues for which the parties bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| November 14, 2007 | Comply with P.R. 3-8. (Designation of Wilfulness Opinions). |
| November 14, 2007 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |

| | |
|---|---|
| November 28, 2007 | File Dispositive Motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each side is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rule CV-7.<br>**Responses to motions shall be due in accordance with Local Rule CV-7(e).**<br>**Note: Objections to any expert, including *Daubert* motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.** |
| November 28, 2007 | Discovery Deadline. All discovery must be served in time to be completed by this date. |
| December 28, 2007 | Notice of intent to offer certified records |
| December 28, 2007 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| January 7, 2008 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections |

Scheduling Order (Patent Cases) Rev. 11/17/05    4

| | |
|---|---|
| January 7, 2008 | Motions in limine due<br>File Joint Final Pretrial Order. See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the District Clerk's form). Exchange Exhibits and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies |
| January 21, 2008 | Response to motions in limine due[2]<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend the deadline to object to expert witnesses). If numerous objections are filed the court may set a hearing prior to docket call.<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| To be set by Court | Hearing to consider all pending motions and objections. |
| February 4, 2008 | Docket call and Final Pretrial at 9:00 a.m.<br>Date parties should be prepared to try case. Provide court with two copies of most updated Exhibit list. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits. |
| February 5, 2008 | 9:00 a.m. Jury Selection. Case will then be tried in order with other cases on the docket. (Depending on disposition of other cases on court's docket, jury selection may be the following week. The court will notify counsel as soon as possible if this is required.) |

---

[2]This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Counsel must consult to resolve any objections before filing a response.

[3]Before filing objections counsel should confer with opposing counsel to determine whether they can be resolved without a court ruling. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

Scheduling Order (Patent Cases) Rev. 11/17/05      5

## SCOPE OF DISCOVERY

<u>Modification</u>.  Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects.  *See* Fed. R. Civ. P. 26(b)(2)(iii).

<u>Case specific disclosure</u>.  The parties shall disclose the information required by the Order Governing Proceedings, the Patent Rules of this court, and this Scheduling Order.

A party that fails to timely disclose such information is not, unless such failure is harmless, permitted to use such evidence at trial, hearing or in support of a motion.  In addition to or in lieu of such sanction, the Court may impose other appropriate sanctions, including the payment of reasonable expenses and attorney's fees.

<u>Depositions</u>.  Given the extensive disclosures required without a request from opposing party, absent further order of this court, discovery in this cause is limited to the disclosures required by this court's orders and the Patent Rules, together with 45 interrogatories, and 45 requests for admissions per side, and depositions on written questions of custodians of business records, for third parties. "Side" means a party or a group of parties with a common interest.  The total time allotted for the depositions of fact witnesses is 70 hours per side, whether the time is used in direct examination or cross-examination.  Expert depositions shall be limited to 7 hours per side for damages experts, 7 hours per side for invalidity experts, and 12 hours per side for infringement experts, whether the time is used in direct or cross-examination.  The deposition of Elbert Tindell may last up to 12 hours if reasonably needed.  Except for the modifications noted in this order, all other depositions shall be taken in compliance with Fed. R. Civ. P. 30(d) and Local Rule CV-30. Reasonable breaks for lunch and otherwise will not count toward the time limitations.

In connection with all productions of foreign language documents, the producing party will produce any existing English language translation, whether or not created for the purpose of this case.

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3) as such disclosure is cumulative of this Court's pre-trial order procedures.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

## TRIAL

Jurors are performing a public service, which is usually inconvenient to them, and may be at great personal expense. Once the jury is seated, every effort will be made to present the case professionally, efficiently, and without interruption. The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three ring binder, with an additional copy for the court.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

# EXHIBIT B

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 29 2006

DAVID J. MALAND, CLERK

DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION | § § § | |
| V. | § § | CIVIL NO.2:06-cv-239 JUDGE RON CLARK |
| TIME WARNER, INC., ET AL. | § § § | |

### PROTECTIVE ORDER

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.   Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.   The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.   Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing

Appendix A - Protective Order

Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the

Appendix A - Protective Order

2

party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.  Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.  Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    (a) Outside counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

    (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

    (c) The Court.

Protected Documents and any information contained therein shall be used solely for the

3

Appendix A - Protective Order

prosecution of this litigation.

6. Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries,

Appendix A - Protective Order

divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates that the parties may file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this 28 day of August, 2006.

_____
Ron Clark, United States District Judge

**Malone, Dee Dee**

---

**From:** txedCM@txed.uscourts.gov
**Sent:** Wednesday, August 30, 2006 11:02 AM
**To:** txedcmcc@txed.uscourts.gov
**Subject:** Activity in Case 2:06-cv-00239-RHC USA Video Technology Corporation v. Time Warner, Inc., et al "Protective Order"

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court [LIVE]**

**Eastern District of TEXAS LIVE**

Notice of Electronic Filing

The following transaction was received from ehs, entered on 8/30/2006 at 11:01 AM CDT and filed on 8/30/2006
**Case Name:**     USA Video Technology Corporation v. Time Warner, Inc., et al
**Case Number:**   2:06-cv-239
**Filer:**
**Document Number:** 43

**Docket Text:**
PROTECTIVE ORDER as set forth herein. Signed by Judge Ron Clark on 8/29/06. (ehs, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=8/30/2006] [FileNumber=1416996-0
] [9f5096ff34eecee6fffe63c01abe5d16393274c9ee36ac835d46ff11d22db0c2f3f
94d44ef47ed43539f5775bf2874d403a38f80879404efb6389c51939f348d]]

**2:06-cv-239 Notice will be electronically mailed to:**

Nicholas B Clifford , Jr     nclifford@thompsoncoburn.com, pboker@thompsoncoburn.com

Candice C Decaire     cdecaire@kilpatrickstockton.com

Dean Franklin     dfranklin@thompsoncoburn.com

Harry Lee Gillam , Jr     gil@gillamsmithlaw.com, pam@gillamsmithlaw.com

Edward W Goldstein     egoldstein@gfiplaw.com, dmalone@gfiplaw.com

8/31/2006

Michael Edwin Jones   mikejones@potterminton.com, jovallery@potterminton.com; courtnotices@potterminton.com

Matthew B Lehr   matthew.lehr@dpw.com

Yiping Liao   yiping.liao@dpw.com
Duane Nash   duane.nash@dpw.com

Suong Nguyen   suong.nguyen@dpw.com

Matthew A Rosenberg   mrosenberg@thompsoncoburn.com, ipdocket@thompsoncoburn.com

Melissa Richards Smith   melissa@gillamsmithlaw.com, pam@gillamsmithlaw.com

Mitchell G Stockwell   mstockwell@kilpatrickstockton.com, khollingsworth@kilpatrickstockton.com; kteilhaber@kilpatrickstockton.com; jreed@kilpatrickstockton.com

Leroy M Toliver   btoliver@kilpatrickstockton.com

Thomas John Ward , Jr   jw@jwfirm.com, ak@jwfirm.com; ad@jwfirm.com

**2:06-cv-239 Notice will be delivered by other means to:**

8/31/2006