**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

TIME WARNER CABLE, INC.          :
                                 :
                Plaintiff,       :
                                 :
v.                               :   C. A. No. 06-387-***
                                 :
USA VIDEO TECHNOLOGY CORP.,      :
                                 :
                                 :
                Defendant.       :

**MEMORANDUM ORDER**

**I.    Introduction**

On June 15, 2006, Time Warner Cable, Inc. ("TWC") filed a complaint against

USA Video Technology Corporation ("USVO") seeking a declaratory judgment of

noninfringement, invalidity, and unenforceability of United States Patent No. 5,130,792

("the '792 patent"), entitled "Store and Forward Video System."[1]  The '792 patent is

directed to systems that transmit video programs to subscribers upon request,

commonly referred to as video-on-demand ("VOD").[2]  TWC allegedly operates digital

cable systems that provide VOD services to its subscribers via set-top boxes.[3]  USVO,

the owner of the '792 patent, filed an infringement counterclaim and moved to dismiss,

stay or transfer the suit to the Eastern District of Texas.[4]  Finally, in September 2006,

TWC moved to enjoin USVO from proceeding with duplicative litigation in the Eastern

---

[1] D.I. 1.

[2] D.I. 11.

[3] *Id.*

[4] D.I. 9,  D.I 10.

District of Texas.[5]

## II.    Related Litigation and Procedural History

A.    **Prior Litigation:**    On April 10, 2003, USVO brought a patent

infringement action based on the '792 patent against Movielink, LLC in the District of

Delaware.[6]  USVO alleged that Movielink's interactive website, which provided VOD

services, infringed the '792 patent.[7]  The Movelink litigation has been resolved: this

court granted summary judgment of non-infringement in favor of Movielink on January

28, 2005 and the Court of Appeals for the Federal Circuit affirmed on June 7, 2006.[8]

B.    **Current Litigation:**    On June 13, 2006,  USVO filed a patent

infringement suit in the Eastern District of Texas against Time Warner Inc. ("TWI") and

several cable services providers alleging infringement of the '792 patent ("the Texas

litigation").[9]  In the Texas litigation, TWC was not named as a defendant in the original

complaint.[10]  After becoming aware of the suit in Texas, TWC was "reasonably

---

[5] D.I. 17.

[6] See *USA Video Technology Corporation v. Movielink, LLC* C.A. No. 03-368-KAJ.

[7] D.I. 11.

[8] D.I. 37 (citing *USA Video Technology Corporation v. Movielink*, 354 F. Supp. 2d 507 (D. Del. 2005); 185 Fed.Appx. 949 (Fed. Cir. 2006)).  The Federal Circuit affirmed the district court's denial of the motion for reconsideration. 185 Fed.Appx. 949 (Fed. Cir. 2006).

[9] See *USA Video Technology Corporation v. Time Warner, Inc. et al*, No. 2-06CV-239; *see also* D.I. 11, Ex. A (Plaintiff's Original Complaint filed in the Eastern District of Texas).  In addition to TWI, the complaint names the following defendants: Cox Communications, Inc.; Charter Communications, Inc.; Comcast Cable Communications, LLC; Comcast of Richardson, LP; Comcast of Plano, LP; Comcast of Dallas, LP.

[10] *Id. See also* D.I. 24 (Declaration of Andrew T. Block in Opposition to USVO's Motion to Dismiss, Stay or Transfer).  TWC is a separate corporate entity from TWI.  *Id.*  TWC is not a wholly-owned subsidiary of TWI.  *Id.*  TWC is operated and managed by different officers and directors than is TWI.  *Id.*

apprehensive about being sued for patent infringement" and filed, in this court, for declaratory relief of invalidity, unenforceability and non-infringement of the '792 patent on June 15, 2006.[11]  On August 10, 2006, USVO filed an answer and a patent infringement counterclaim against TWC.[12]   That same day, USVO moved to dismiss, stay or transfer the suit to the Eastern District of Texas.[13]  TWC moved to enjoin USVO from proceeding with duplicative litigation in the Eastern District of Texas in September 2006.[14]  Subsequently, in Texas, USVO filed an amended complaint, dropping the claim against TWI and adding TWC as a defendant.[15]

## C.    Current Status of the Texas Litigation

The litigation regarding the '792 patent is moving forward in the Eastern District of Texas.  On August 31, 2006, Judge Clark of the Eastern District of Texas denied defendants' motion to transfer to District of Delaware, or in the alternative, to stay the action.[16]  In September 2006, TWC filed an answer after its request for a time extension

---

[11] D.I. 18.  See also D.I. 24 (Declaration of Andrew T. Block in Opposition to USVO's Motion to Dismiss, Stay or Transfer).  Counsel for USVO sent TWC a letter, dated December 8, 2000, asserting that TWC may require a license from USVO for the '792 patent.  Id.  Since the time of this letter, TWC has no record of communication with USVO until June 2006.  Id.

[12] D.I. 9.  See also D.I.6.  The court granted  USVO's unopposed motion for an extension of time to file an answer.  Id.

[13] D.I 10.

[14] D.I. 17.

[15] D.I. 19, Ex. M (Plaintiff's First Amended Complaint filed in the Eastern District of Texas).

[16] D.I. 26, Ex. A (District Court for the Eastern District of Texas' Order on Defendant's Motion to Transfer or in the Alternative Motion to Stay the Action).  Defendant's Comcast Cable Communications, LLC; Comcast of Richardson, LP; Comcast of Plano, LP; Comcast of Dallas, LP (collectively "Comcast") filed this motion.  Id.  Defendant Charter Communications joined in the motion to transfer.  Id.

3

was denied by the district court.[17] A scheduling order has been filed and a technology synopsis has been submitted, claim construction briefing is completed, initial disclosures have been made and discovery has begun.[18]

Additionally in the Texas litigation, defendant Cox Communications, Inc. ("Cox") motioned to dismiss for lack of personal jurisdiction. On November 1, 2006, the court severed the claim against Cox and transferred it to the District of Delaware.[19] In January 2007, after being transferred to the District of Delaware, the Cox litigation was dismissed without prejudice.

## D. Related Litigation Concerning the '792 Patent:

i. **CoxCom Litigation:** On June 19, 2006, CoxCom, Inc. filed a declaratory judgment action against USVO in the District of Delaware.[20] On August 10, 2006, USVO filed an answer and a patent infringement counterclaim against CoxCom. On January 2, 2007, the CoxCom litigation was dismissed without prejudice.[21]

ii. **Comcast Litigation:** On June 27, 2006, four defendants in the

---

[17] D.I. 26, Ex. B (District Court for the Eastern District of Texas' Order on Defendant's Motion for Extension of Time); Ex. C (Defendant Time Warner Cable Inc.'s Answer to Plaintiff's First Amended Complaint in the District Court for the Eastern District of Texas).

[18] D.I. 37.

[19] D.I.32, attachment 1 (District Court for the Eastern District of Texas' Order on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Motion to Amend).

[20] D.I.32, attachment 1 (District Court for the Eastern District of Texas' Order on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Motion to Amend). USVO sought to amend the complaint in the Texas litigation to include CoxCom, Inc. *Id.* The district court concluded that there was no basis for personal jurisdiction over CoxCom and refused joinder. *Id.* CoxCom asserted reasonable apprehension of being sued for patent infringement by USVO and consequently filed for declaratory relief in the District of Delaware. *Id.*

[21] D.I. 37 (citing *Coxcom Inc. v. USA Technology Corp.*, No. 06-394-***).

4

Texas litigation filed for declaratory judgment against USVO in the District of Delaware:

Comcast Cable Communications, LLC; Comcast of Richardson, LP; Comcast of Plano,

LP; Comcast of Dallas, LP (collectively "Comcast"). On August 10, 2006, USVO filed

an answer and a patent infringement counterclaim against Comcast. This case is still

pending.[22]

## III.   Positions of the Parties

### Motions to Dismiss or Stay

USVO argues that the first-filed rule requires dismissal or stay of this case.[23]

According to USVO, the first-filed action was the patent infringement claim filed in the

Eastern District of Texas on June 13, 2006.[24] USVO asserts that TWC's declaratory

judgment action was filed in the District of Delaware two days after the Texas claim was

filed and therefore it is the second-filed action. USVO maintains that even though the

Texas litigation did not initially name TWC as a party, "the two cases are exactly alike,

as they involve the same patent, the same parties, and the same technology."[25] USVO

contends that this case should be dismissed because the first-filed rule only allows the

second-filed action (declaratory judgment matter) to proceed if there is sound reason

that would make it unjust or inefficient to continue the first-filed action (patent

infringement case). Additionally, USVO argues that the factors considered by the court

---

[22] D.I. 37 (citing *Comcast Cable Communications, LLC et al v. USA Video Technology Corp.*, No. 06-407-\*\*\*).

[23] D.I. 11.

[24] *Id.* (citing *USA Video Technology Corporation v. Time Warner, Inc. et al*, No. 2-06CV -239).

[25] *Id.*

5

in ruling on a motion to stay weigh in favor of the first-filing party.[26]  USVO asserts that there are no countervailing interests of justice, convenience or efficiency that would overcome the presumption that the first-filed rule should apply.[27]

TWC argues that the present Delaware case is the first-filed action and should not be dismissed or stayed.[28]  In its initial complaint in the Texas litigation, USVO named TWI, not TWC, as a defendant.  Because TWC is not listed as a party at the time the time it was filed, TWC asserts that the Texas case was not the first-filed action.[29]  TWC distinguishes the present case from cases where courts have held that subsequent changes in parties do not affect a case's status as first-filed.  Specifically, TWC maintains that in those cases there was a failure to name a correct party, not the naming of an incorrect party.[30]  Because USVO named the incorrect party as a defendant, TWC contends that prior to the amended complaint on August 18, 2006, the subject of the Texas litigation was not (nor could it have been) the subject of the present suit, which is "the alleged infringement of the '792 patent by TWC's cable

---

[26] *Id.* (citing *Pegasus Development Corp. v. DirecTV, Inc.*, No. Civ. A. 00-1020-GMS, 2003 WL 21105073, *1  (D. Del. 2003) ("[T]he court is guided by the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.")

[27] *Id.*

[28] D.I. 18 (arguing against dismissal, stay or transfer).

[29] *Id.*

[30] *Id.* ("Thus, the defect in parties in the above cases could be remedied by an amendment adding the correct parties to an existing dispute.  In contrast, in the Texas case, USVO named one party, TWI then in its recent amendment dropped TWI and instead named TWC, a different party altogether.")

6

system."[31]  TWC argues that the declaratory judgment action that it filed in the District of

Delaware is the first-filed action addressing this subject.  Additionally, TWC asserts that

relation back does not apply because the failure to name TWC is not attributed to a

reasonable mistake.[32]  Specifically, TWC alleges that USVO was aware of the

distinction of the two entities, when it sent separate letters to both TWI and TWC

suggesting that they each were infringing the '792 patent.[33]  TWC maintains that even if

the Texas litigation is the first-filed action, the present case should not be dismissed or

stayed because the District of Delaware is the most convenient and appropriate forum.

According to TWC the following factors weigh in favor of the District of Delaware: the

location of the parties, witnesses and documents involved in the suit; questions about

personal jurisdiction over all parties; ease of consolidation; considerations of judicial

economy and  USVO's forum shopping.[34]

**Motion to Transfer**

Alternatively, USVO argues that the case should be transferred to the Eastern

District of Texas under 28 U.S.C. § 1404(a) because both the private and public factors

---

[31] *Id.*  TWC argues that if the subject of the dispute is not "infringement of the '792 patent by
TWC's cable system," but rather the subject is "infringement of the '792 patent," then the *Movielink* case is
the first-filed case. *Id.* at 10.

[32] D.I. 18.

[33] *Id. See also* D.I. 24 (Declaration of Andrew T. Block in Opposition to USVO's Motion to
Dismiss, Stay or Transfer).

[34] D.I. 18 (noting that there are exceptions to the preference for the first-filed suit, including judicial
and litigant economy) (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)).

weigh in its favor.[35] According to USVO, the only two relevant private factors are plaintiff's choice of forum and the defendant's preferred forum. USVO contends that these factors weigh in its favor because plaintiff's choice of forum is entitled to deference and it is the plaintiff in the first-filed action.[36] USVO also maintains that the public factors weigh in its favor, specifically: "the judgment would be enforceable in both jurisdictions, there is not especial administrative difficulty due to court congestion, the public policies of the two fora regarding patents do not differ, and this is not a diversity case requiring application of state law," and there is no local controversy or local public policy involved.[37] USVO asserts that although the prior experience of the district judge with a particular patent case is a factor to be considered in transfer motions, it is unlikely that Judge Kent A. Jordan, who presided over the Movielink litigation, will preside over this case due to his nomination to the U.S. Court of Appeals for the Third Circuit.[38] Finally, USVO contends that economy and justice dictate that this action be transferred because the litigation is moving forward in Texas.[39]

---

[35] D.I. 11 (citing *Zoetics, Inc. v. Yahoo!, Inc.*, No. Civ.A. 06-108-JJF, 2006 WL 1876912, at *3 (D. Del. 2006)). In considering a 1404(a) transfer, the court must balance several private and public interests. *Id.*

[36] D.I. 11.

[37] *Id.* According to USVO, the public factors to be considered by the court in ruling on a §1404 (a) are: "enforceability of the judgment, practical considerations regarding the ease, speed, or expense of the trial . . . administrative difficulty due to court congestion . . . local interest in deciding local controversies in the home forum . . . public policies of the two fora, and . . . trail judge's familiarity with the applicable state law in diversity cases." *Id.* (citing *Zoetics*, 2006 WL 1876912, at *3).

[38] Judge Kent A. Jordan was confirmed on December 8, 2006 to the U.S. Court of Appeals for the Third Circuit. *See* D.I. 11 (supporting its argument that the District of Delaware must not be shackled with every litigation involving the '792 patent) ("[I]n the prior infringement action based on the '792 patent [Movielink litigation], determinations of validity and enforceability were not reached, as the Court construed one term which resulted in a holding of non-infringement.").

[39] D.I. 26.

TWC contends that transfer of this case to the Eastern District of Texas is not appropriate.[40]  TWC argues that the factors identified by USVO as supporting transfer, including plaintiff's choice of forum and the possibility of consolidation, in fact favor keeping the case in Delaware.[41]  TWC maintains that under a transfer inquiry, it is TWC's choice of forum, as the plaintiff, that is entitled to substantial deference.[42]  Not only is consolidation more readily achieved in the District of Delaware, but TWC asserts that the "ease, speed and expense" of the case weighs against transfer.[43]    In addition, TWC argues that the District of Delaware's familiarity with the subject of this litigation would lead to a prompt resolution because USVO's claims lack merit.[44]

**Motion to Enjoin Duplicative Litigation in the Eastern District of Texas**

TWC contends that USVO should be enjoined from pursuing infringement claims against TWC in the Eastern District of Texas. [45]  According to TWC, the court should enjoin USVO from proceeding in Texas because Delaware is the proper forum and the parties and issues are the same in both the Texas and Delaware actions.  In support of

---

[40] D.I. 18 (weighing the *Jumara* factors against transfer) (citing *Jumara v. State Famr Insurance Co.*, 55 F.3d 873, 879-880 (3d Cir. 1995) (establishing that burden for transfer rests with moving party )).

[41] *Id.*

[42] *Id.*

[43] *Id.* at 23.

[44] *Id.* (arguing against dismissal, stay or transfer).  TWC asserts that its systems cannot possibly infringe upon the '792 patent because: "TWC does not have a 'distribution interface' that 'initiates connections;' TWC's set top boxes "do not 'store' received programs; "TWC transmits programs in real time, 'not less than real time;'" and "TWC delivers VOD over a cable broadcast network, not a switched telephone network."  *Id.* at 24-30.

[45] D.I. 17.

9

its motion to enjoin, TWC cites its arguments against dismissal, stay or transfer.[46]

## IV.   Analysis

### Motion to Dismiss Under the First-Filed Rule

USVO contends that TWC's declaratory judgment action in this court should be

dismissed because this case involves infringement of the same patent, the '792 patent,

and the same technology first-filed in the Texas litigation.[47]  The court finds that the

present matter should be dismissed in accordance with the first-filed rule to prevent

duplicative lawsuits by different federal courts.[48]

Where two lawsuits involving the same claims are filed in different jurisdictions,

the first-filed action is given preference.[49]  The first-filed rule reduces multiple conflicting

decisions which may require separate appeals, and ensures that litigants receive a

single determination of their controversy.[50]  The Third Circuit applies the first-filed rule to

---

[46] D.I. 18.

[47] D.I. 11.

[48] TWC asserts that relation back analysis is not applicable to this case because the failure to name TWC as a party was not attributable to reasonable mistake.  The court agrees that relation back analysis is not applicable, but for a different reason.  This court has held, that when investigating a first-filed issue, relation back analysis is unnecessary, because the "point of inquiry is the original complaint, not the amended complaint."  *Schering Corp. v. Amgen Inc.*, 969 F.Supp. 258, *267 (D.Del. 1997) (citing *E.E.O.C. v. University of Pa.*, 850 F.2d 969, 970 (3d Cir.1988) ("In all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."), aff'd on other grounds, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990)).

[49] *Corixa Corp. v. IDEC Pharm Corp.*, No. CIV.A.01-615-GMS, 2002 WL 265094, at *1 (D.Del. Feb. 25, 2002) (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

[50] *See Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941); *Advanta Corp. v. Visa U.S.A., Inc.*, Civ. A. No. 96-7940, 1997 WL 88906, at *2 (E.D. Pa. Feb. 19, 1997).  *See also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) (acknowledging that comity requires federal courts to make an effort to avoid interfering with other court's affairs).

litigation that involves the same subject matter, not necessarily the same parties.[51] Where there is federal concurrent jurisdiction over a matter, "the court which first has possession of the subject must decide it."[52] This court has held that the first-filed action is determined by "which court first obtains possession of the subject of the dispute, not the parties of the dispute."[53] This interpretation of the rule ensures that the first-filed rule "achieve[s] resolution in a single lawsuit of all disputes from common matters."[54]

USVO's patent infringement suit in the Texas litigation is the first-filed action because the Eastern District of Texas first obtained the subject matter in dispute. Chronologically, USVO was the first to file. USVO filed its infringement claim in the Eastern District of Texas on June 13, 2006, two days before TWC filed for declaratory relief in this court.[55] Additionally, both the Texas litigation and the present case deal with the same subject mater. Both suits concern the alleged infringement of the '792 patent by digital cable systems that provide VOD services to its subscribers via set-top boxes. The two suits share the same facts and deal with the same "allegedly infringing products."[56] Therefore, because the Eastern District of Texas was the first court to

---

[51] *Advanta*, 1997 WL 88906, at *2 (citing *E.E.O.C.*, 850 F.2d at 971; *Kerotest Mfg. v. C-O-Two Fire Equip. Co.*, 189 F.2d 31 (3d Cir. 1951)).

[52] *E.E.O.C.*, 850 F.2d at 971 (citing *Crosley*, 122 F.2d at 929 (quoting *Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 6 L.Ed.152 (1824))).

[53] *Schering*, 969 F. Supp. at 267 (quoting *Advanta*, 1997 WL 88906, at *3).

[54] *Corixa*, 2002 WL 265094, at *1.

[55] *See Genentech*, 998 F.2d at 938 ("[T]he rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by '[reasons] just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits.'") (citing *Martin v. Graybar Elec. Co.*, 266 F.2d 202, 205 (7th Cir.1959) (quoting *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir.1942))).

[56] D.I. 11.

11

have jurisdiction over the alleged infringement of the '792 patent by cable systems, it is the first-filed action.

The court does not find TWC's argument that the District of Delaware first gained possession of the subject matter in dispute persuasive. TWC was not initially a defendant in the first-filed action, but was later added to the Texas litigation on August 18, 2006. TWC argues that the District of Delaware first gained possession of the present subject matter–"the alleged infringement of the '792 patent by *TWC's* cable system."[57] TWC reasons that because it was not named as an original party in the Texas litigation, that its alleged infringement of the '792 patent could not have been the subject of the Texas suit.[58] In essence, TWC is arguing that the subject matter of the initial complaint in Texas litigation is not the same as the Delaware litigation because TWC was not originally named as a party.[59] This argument is inconsistent with Third Circuit precedent which holds that first-filed rule applies if the subsequently filed action

[57] D. I. 18 at 10 (arguing that subject matter of initial complaint in Texas litigation was not same as subject of Delaware litigation). Alternatively, TWC argues that if the subject matter of the dispute is "infringement of the '792 patent" then Movielink is the first-filed action. *Id.*, FN 8. The Movielink litigation dealt with an interactive website, which provided VOD services. The current litigation deals with digital cable systems that provide VOD services to its subscribers via set-top boxes. The two suits do not share the same facts nor deal with the same "allegedly infringing products." D.I. 11 at 2. Thus, they do not share the same subject matter.

[58] *Id.*

[59] *See id.* TWC distinguishes the present case from previous "cases wherein courts have held that subsequent changes in parties do not affect a case's status as first-filed" because of the 'first to possess the subject matter' rule. *Id.* at 9 (citing *Schrieber v. Eli Lilly & Co.*, No. Civ. A. 05CV2616, 2006 WL 782441, at *8 (E.D.Pa. Mar. 27, 2006); *Whelan v. United Pac. Indus.*, No. Civ.A. 02-2519, 2002 WL 31513432 (E.D.Pa. Nov. 01, 2002); *Schering*, 969 F. Supp. at 267; *Advanta*, 1997 WL 88906). Specifically, in the cited cases there was a failure to name a correct party which was remedied by merely adding a party. *Id.* In the present case USVO named an incorrect party, therefore it had to both add TWC and drop TWI from the complaint. *Id.*

involves different parties.[60]  TWC's interpretation of the first-filed rule would "encourage
rather than discourage duplicative suits," which would defeat the purpose of the rule. [61]

Judicial and litigant economy favor the Eastern District of Texas.[62]  The first-filed
rule serves to eliminate "economic waste involved in duplicating litigation."[63]
Specifically, courts are burdened by the cases they must take on and "should therefore
not be called upon to duplicate each other's work in cases involving the same issues."[64]
The Texas litigation is moving forward with TWC as a defendant:  Judge Clark denied
the other defendants' motion to transfer or stay the suit,  TWC filed its answer, a
scheduling order has been filed, claim construction briefing is completed, and discovery
has begun.  Judicial and litigant resources are being expended in the Eastern District of
Texas in a suit involving the same patent, facts and technology as this suit.[65]  Thus, it
would create economic waste to duplicate this litigation in the District of Delaware.

This case does not fall within the exceptions of the first-filed rule.[66]  Exceptions to

---

[60] *Advanta*, 1997 WL 88906, at *2 (citing *Kerotest*, 189 F.2d at 35).  *See Lundy v. Adamar of N.J., Inc.*,  34 F.3d 1173, 1192 (3d Cir. 1994) (concluding that adding a party is no different from changing a party) ("The minor difference between the addition and the replacement of a party is whether the original defendant is dismissed in addition to the new defendant being added.").

[61] *See Advanta*, 1997 WL 88906, at *3.

[62] *Genentech*, 998 F.2d at 938 (holding that judicial and litigant economy guide the court's discretion on whether to diverge from the first-filed rule).

[63] *Crosely*, 122 F.2d at 930.

[64] *Id.*

[65] D.I. 26.

[66] D.I. 18 (noting that there are exceptions to the preference for the first-filed suit, including judicial and litigant economy) (citing *Genentech*, 998 F.2d at 938).

the rule are not uncommon and are "made when justice or expediency requires."[67]

Whether to depart from the first-filed rule is within the court's discretion, however there

must be "sound reason that would make it unjust or inefficient to continue the first-filed

action."[68]

According to TWC the following factors weigh in favor of the District of Delaware

as the most convenient and appropriate forum: the location of the parties, witnesses

and documents involved in the suit; questions about personal jurisdiction over all

parties; ease of consolidation; considerations of judicial economy; and USVO's forum

shopping.[69] Although these are valid considerations, they do not persuade the court in

light of current circumstances. First, litigation of the alleged infringement of the '792

patent by cable systems is moving forward in the Eastern District of Texas, where it has

yet to begin in the District of Delaware.[70] Second, there are no pending questions of

personal jurisdiction over any of the parties in the Texas litigation and the Eastern

District of Texas has denied the motion to transfer by the remaining defendants to the

---

[67] See D.I. 18 (quoting Genentech, 998 F.2d at 937).

[68] Genentech, 998 F.2d at 938. See E.E.O.C., 850 F.2d at 971 ("District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule.") (citations omitted).

[69] See Genentech, 998 F.2d at 938. ("Such reason [for diverging from the first-filed rule] may be the convenience and availability of the witnesses, or absence of jurisdiction over all . . . parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest.") (citing Kahn v. General Motors Corp., 889 F.2d 1078, 1081-82 12 USPQ2d 1997, 1999-2001 (Fed. Cir. 1989)).

[70] See D.I. 37 (citing Comcast Cable Communications, LLC et al v. USA Video Technology Corp., No. 06-407-***). The court recognizes that the Comcast defendants filed for declaratory relief in the District of Delaware, however no scheduling order has been issued in this suit.

14

District of Delaware.[71] Third, TWC asserts that this court's familiarity with the claim language and prosecution history, through *Movielink*, will yield prompt resolution of the suit because USVO's claims lack merit.[72] Yet, Judge Jordan, who previously presided over *Movielink* and was versed in the '792 patent, was appointed to the U.S. Court of Appeals for the Third Circuit. Therefore, this court is no more familiar with the '792 patent than is the Eastern District of Texas. Finally, no evidence has been presented that USVO chose to litigate in Texas in bad faith.

USVO's filing in Texas does not appear to be forum shopping. A plaintiff's choice of forum should be upheld unless there are extraordinary circumstances that mandate dismissal or transfer.[73] Forum shopping is a proper basis for departing from the first-filed rule.[74] No evidence has been presented to indicate that USVO's choice to litigate in Texas was motivated by forum shopping. TWC contends that USVO admittedly chose the Eastern District of Texas because the "jurors are generous, the rules of law applied are more favorable, or the judge who resides in that forum is

---

[71] D.I.32, attachment 1 (District Court for the Eastern District of Texas' Order on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Motion to Amend). The Eastern District of Texas severed the claim against Cox and transferred it to the District of Delaware. *Id.* Subsequently, this court dismissed the suit without prejudice. *See* D.I. 37 (explaining that this court dismissed without prejudice *CoxCom Inc. v. USA Video Technology Corp.*, Case No. 06-394-***). *See also* D.I. 26, Ex. A (District Court for the Eastern District of Texas' Order on Defendant's Motion to Transfer or in the Alternative Motion to Stay the Action).

[72] *See* D.I. 18. TWC maintains that in light of this court's familiarity with the '792 patent and the *Movielink* litigation, the court's "superficial investigation" of the claims will demonstrate that its system could not have infringed upon the '792 patent. *Id.; see also supra* note 46. This court is not familiar with the claim language and prosecution history because Judge Jordan, who presided over *Movielink*, is not presiding over this case. As such, this court is not "in the best position to effect a timely and efficient resolution of the dispute" through a "very basic and superficial investigation." D.I. 18 at 24.

[73] *See E.E.O.C.*, 850 F.2d at 979 ("Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule.").

[74] *Id.* at 972.

15

thought to be more likely to rule in the litigant's favor."[75] A further investigation of
USVO's motives reveals that it chose the Eastern District of Texas because it was the
most efficient forum in which to bring the case.[76] Therefore, there is no indication that
USVO's choice of forum was made in bad faith.

For these reasons and because the two cases both involve the same patent and
technology, trying the matter in two different courts would defeat the reasoning behind
the first-filed rule. Therefore, because the Eastern District of Texas initially had
jurisdiction over the subject of the Delaware matter, USVO's choice of forum should be
shown deference and the Delaware case should be dismissed.

## V. Conclusion

For the reasons stated above:

IT IS ORDERED AND ADJUDGED that USVO's motion to dismiss, stay or
transfer TWC's complaint (D.I. 10), is granted in part and denied in part.

1.    USVO's motion to dismiss TWC's complaint is **GRANTED.**

2.    USVO's motion to stay or transfer this matter is **DENIED** as moot.

IT IS FURTHER ORDERED AND ADJUDGED that TWC's motion to enjoin

---

[75] D.I. 18 (citing Declaration of Matthew S. Jorgenson in Opposition to USVO's Motion to Dismiss,
Stay or Transfer, Ex. R). The court notes USVO's 'brazen admission' forum shopping is actually a quote
from *In re Triton Ltd. Securities Litigation* listing legitimate reasons for choosing a forum. *Id.* (quoting *In re
Triton Ltd. Securities Litigation*, 70 F.Supp.2d 678, 689 (E.D. Tex. 1999) (citing *McCuin v. Texas Power &
Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir.1983)).

[76] *See* D.I. 19, Ex. R (USVO's Opposition to Defendant Comcast's Motion to Transfer to the
District of Delaware, or in the Alternative, to Stay the Action) (arguing that Eastern District of Texas is a
legitimate forum) (quoting *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 679
(E.D.Tex. 2006)). USVO asserts that it chose the Eastern District of Texas for "many of the same
reasons" set forth in *Symbol Techs. Id.* Symbol argued that its choice of forum would save time and
money and yield a prompt resolution of the suit. 450 F.Supp.2d at 679.   In that case, the court, in
determining the most convenient forum, considered which forum "would provide the parties and judicial
system with the most efficient and least expensive resolution of the case." *Id.* at 680.

USVO from proceeding with duplicative litigation (D.I. 17), is **DENIED** as moot.

IT IS ORDERED that any objection to this memorandum order shall be filed consistent with Fed. R. Civ. P. 72 and L.R. 72.1.

Date: October 31, 2007

United States Magistrate Judge

17